This appeal involves the right of the petitioners to attend the Indian Public Schools of Robeson County. The matter reached the Superior *Page 449 
Court by appeal from a decision of the Legislative Committee for the Indian race in said county.
The facts are succinctly set out in the judgment of the Superior Court and are as follows:
"Upon the hearing, the petitioners having announced that all questions involved in this appeal from the Legislative Committee to the Superior Court are abandoned, except the plea of estoppel raised by the petitioners upon the record and evidence offered before the court upon such plea; and, upon such hearing, the court finds the following facts:
"1. That, under an act of the Legislature of North Carolina, Public-Local Laws 1921, ch. 426, a committee was authorized to pass upon the admissibility of persons applying for permission to enter the Indian schools of Robeson County.
"2. That, objection having been made to the admission of the petitioners to the Indian schools of Robeson County, the Legislative Committee, after notice to all parties, proceeded to hold a hearing to pass upon the rights of the petitioners to enter the said Indian schools of Robeson County, said hearing having been held on 11 April, 1925. At such hearing the Legislative Committee admitted said children to the Indian schools of Robeson County.
"3. Thereafter, upon further information, the committee notified the petitioners and respondents that a further hearing would be held to pass upon the rights of the petitioners to attend the Indian schools of Robeson County, and such hearing would be held 18 April, 1925. On 18 April, 1925, at the appointed time, in response to the notice given, the petitioners and the respondents appeared before the committee.
"4. Both petitioners and respondents appeared before the committee on 18 April, 1925, at the place named, and both announced their readiness for a hearing. The respondents and petitioners both offered evidence as to the rights of the said petitioners to enter the Indian schools of Robeson County. No plea of res adjudicata was made by the petitioners at the second hearing, but they appeared before the committee, recognized the rights of the committee to hear the matter and offered evidence upon their contention as to the right of petitioners to enter the Indian schools of Robeson County.
"5. At such hearing had on 18 April, 1925, after hearing the evidence of petitioners and respondents, the committee found, as a fact, that the said petitioners were not Indians and were not entitled to enter the Indian schools of Robeson County, and, by unanimous vote, ordered that the said petitioners be not admitted to the said Indian schools of Robeson County.
"From the judgment of 18 April, 1925, the petitioners appealed to the Superior Court of Robeson County. *Page 450 
"Upon the foregoing facts, the court being of the opinion that the plea of estoppel now raised by the petitioners cannot be sustained, it is thereupon ordered, adjudged and decreed that the action of the Legislative Committee, debarring the said petitioners from the Indian schools of Robeson County, be affirmed and ratified, and it is ordered that the said petitioners are not entitled to the benefits of the Indian schools of Robeson County."
From this judgment the petitioners appeal, assigning error.
It is the position of the petitioners, appellants, that when the Legislative Committee decided to admit them to the Indian schools of Robeson County on 11 April, 1925, the said committee was thereafter functusofficio and without authority to reopen the matter, and that the contrary decision rendered on a subsequent hearing is a nullity.
The trial court correctly held that the plea of res adjudicata was not available to the petitioners. In the first place, the Legislative Committee, created by chapter 426, Public-Local Laws 1921, is an administrative board and not a court; and, in the second place, even if said committee were clothed with judicial powers, the plea of resadjudicata, not having been insisted upon before the committee, is deemed to have been waived. Blackwell v. Dibbrell, 103 N.C. 270.
The judgment will be upheld.
Affirmed.