### J. C. LITTLE ET AL. v. BOARD OF ADJUSTMENT OF CITY OF RALEIGH.

#### (Filed 23 June, 1928.)

**Judgments—Conclusiveness of Adjudication—Matters Concluded—Res Adjudicatur.**

> The city board of adjustment, on appeal from the action of the building inspector as to issuing a permit to erect a gasoline filling station in a certain part of the city, determines the matter upon the facts presented in a *quasi*-judicial capacity, and the doctrine of *res adjudicatur* applies upon a subsequent presentation to them of the issuing of the permit upon the same lot under substantially the same conditions.

CIVIL ACTION, before *Sinclair, J.,* at December Term, 1927, of WAKE.

This cause was considered in *Harden v. Raleigh,* 192 N. C., 395, 131 S. E., 760, where the facts are set forth. After said decision was rendered by the Supreme Court on 27 October, 1926, the owner of the lot applied to the defendant Mangum, building inspector, to reopen and rehear the former decision, denying a permit for erecting a filling station upon the land described. The building inspector thereupon issued a permit for said filling station and the plaintiffs appealed to the board of adjustment. The board of adjustment was duly convened to hear the matter and at the said meeting the plaintiffs appeared and contended that the former ruling of the board of adjustment referred to in *Harden v. Raleigh, supra,* was *res judicata* as there was neither allegation nor proof that conditions had changed since said decision by the Supreme Court. On 30 September, 1927, the board of adjustment voted upon the

question of sustaining the building inspector in issuing the permit, and said record disclosed that two members of the board were in favor of sustaining the building inspector and two members voted not to sustain said building inspector in issuing said permit. Thereupon the plaintiffs filed a petition for a writ of *certiorari*. The cause came on to be heard before *Sinclair, J.*, who found as follows: "The court further finds as a fact that after the Supreme Court had passed upon two questions of law presented to it, and had sustained the validity of the ordinances and overruled the judgment of Judge Barnhill, the said Mrs. George M. Harden duly applied to the building inspector of the city of Raleigh to reopen and rehear its former decision upon the building of the filling station upon her said lot, and duly filed with the said building inspector, with her application, plans and specifications as required by the ordinances of the city of Raleigh; that the building inspector, after hearing the evidence and argument on behalf of the plaintiffs and defendants . . . reversed his former ruling and granted to the said Mrs. George M. Harden a permit to build said filling station in such neighborhood business district. . . . That from the decision of the said building inspector the plaintiffs duly appealed to the board of adjustment, and after a full hearing before said board of adjustment, that the said board of adjustment sustained the action of said building inspector, and ordered that the permit issue to the said Mrs. George M. Harden to build the filling station on her lot as prayed. . . . It is further ordered, adjudged and decreed that the said Mrs. George M. Harden is entitled to construct upon her said lot a filling station in accordance with the plans and specifications filed with the said building inspector of the city of Raleigh, and the permit granted to her. It is further ordered by the court that the motion of defendants for judgment on the pleadings as filed herein, be and the same is in all respects sustained, and that the plaintiffs pay the costs of this action, to be taxed by the clerk."

From the foregoing judgment the plaintiffs appealed upon the ground that the trial judge did not hold as a matter of law that the former judgment of the board of adjustment in *Harden v. Raleigh* was an estoppel or *res judicata*.

*Attorney-General Brummitt and Assistant Attorney-General Nash for plaintiffs.*

*W. B. Jones and C. W. Beckwith for defendant.*

BROGDEN, J. The case of *Harden v. Raleigh*, 192 N. C., 395, determined two questions.

1. That the board of adjustment is clothed with at least *quasi*-judicial power and that the investigation of facts as a basis of official action is

not a ministerial duty, the Court saying, "but the exercise of judgment or discretion may be regarded as the usual test by which to determine whether an act is ministerial or judicial. Within the class of *quasi*-judicial acts fall the board's conclusions as to whether the proposed building would be noxious or offensive or detrimental to the public safety or welfare by reason of its situation or the surrounding conditions; also in this class is the legal discretion to be exercised by the board upon the conclusions reached."

2. That the record did not disclose that the board of adjustment in declining the permit had improperly exercised its discretion.

From the finding of fact made by the trial judge in the case at bar it therefore appears that practically the same parties are contesting the same matter and in the same manner as in the case of *Harden v. Raleigh, supra.* Moreover the controversy is based upon the same facts and allegations contained in the former case. The petitioners appeared before the board, in the case at bar, and filed a plea of *res judicata* contending that the case of *Harden v. Raleigh, supra,* had determined the rights of the parties upon the same facts. While the plea of *res judicata* is not available with respect to proceedings by a purely administrative board, it is available with respect to the proceedings and final decision of a judicial or *quasi*-judicial body. *In re Smiling,* 193 N. C., 448. There is no allegation, no proof, and no finding by the trial court that the facts in the case at bar are in anywise different from the facts in the case of *Harden v. Raleigh.* Indeed, the trial judge finds that Mrs. Harden applied to the building inspector "to reopen and rehear its former decision upon the building of the filling station upon her said lot."

Upon these circumstances we are constrained to hold that the plea of *res judicata,* duly filed in apt time by the petitioners, was available, and therefore that the owner of the lot is not entitled to reopen and rehear the case upon the identical facts presented in the former record.

　　Reversed.