WATKINS *v.* MISSISSIPPI STATE BOARD OF PHARMACY.

(Division B. April 16, 1934.)

[154 So. 277. No. 31182.]

**Gardner & Backstrom**, of Gulfport, for appellant.

**W. W. Pierce**, Assistant Attorney-General, for the appellee.

**Griffith, J.**, delivered the opinion of the court.

On November 17, 1927, appellant Watkins, having duly passed the pharmaceutical examination before the Louisiana state board of pharmacy, was granted a full license to practice pharmacy in that state. On the 27th day of March, 1931, the Mississippi state board of pharmacy granted to appellant, then and now a resident of this state a license in this state as an assistant pharmacist. On March 14, 1932, there was approved an act of the Legislature of this state, chapter 277, Laws 1932, which, when construed in connection with the previous laws on that subject, made it obligatory on the Mississippi board to issue a license as a registered pharmacist to any person of good moral character who, prior to December 31, 1927, had duly passed the pharmaceutical examination in another state and in consequence had been licensed there. Soon after the passage of the statute last mentioned, appellant applied to the Mississippi board for license as a registered pharmacist in this state, exhibiting his Louisiana license dated as aforesaid and in all other respects complying with the law in respect to his said application. The board took no definite action, but delayed or postponed, although it did issue a temporary license expiring July 1, 1933.

Despairing of any hope that the board would voluntarily do anything further towards granting the license, appellant instituted this action in mandamus on June 28, 1933. The trial court ordered the board to act upon the application, but declined to command the board to issue the license, upon the ground, as we assume, that the board should pass again upon the issue of the good moral character of the applicant, and the applicant has appealed.

As already stated, the Mississippi state board of pharmacy, on March 27, 1931, issued to appellant a license as assistant pharmacist, under section 5827, Code 1930. It is required by section 5831, Code 1930, that the board must find, before issuing a license to practice as an assistant pharmacist, that the applicant is of good moral character. The issuance of this assistant's license by the board to appellant was a recorded adjudication by the board that appellant was of good moral character. There was the same applicant as here; there was the same subject-matter to be adjudicated and which was adjudicated, to-wit, the good moral character of this applicant; there was the same tribunal, authorized to pass upon that identical issue; there was every identity which was essential to constitute that judgment res adjudicata upon the stated issue. The fact that the application now being considered is one for license as a registered pharmacist, and that the previous application was for license as an assistant pharmacist, is not material, "for the rule is that, in a second action between the same parties, or their privies, although the causes of action may be different, the judgment in the first action is res adjudicata in the second as to any point or question actually litigated and determined in the first." Von Zondt v. Town of Braxton, 149 Miss. 461, 465, 115 So. 557, 559. The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to judicial and quasi judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to judgments of courts. 34 C. J. 878, 879.

But say the members of the board now that they made on the former application only a superficial or casual examination into the question of appellant's moral character, and that on the present application a more thorough investigation is to be made. We waive the point that the testimony shows that they have already made under the present application a most thorough and

searching investigation, and that the members admit that as a result thereof they have found nothing which they could submit as forming a contestable issue on that subject and on which a hearing to be contested by the applicant could be ordered, which hearing it would be the duty of the board to hold with reasonable promptitude. We waive the point last stated, because the board cannot now be heard to say that they did not do their duty and did not fully investigate the issue of the applicant's good moral character when the board issued to him the license as an assistant pharmacist, and this is obvious upon two grounds which are elemental in the law: First, that records which are judicial in their nature cannot be collaterally contradicted by parol testimony; and, second, that no judicial officer, or one performing judicial functions as to the question at issue, shall be heard to impeach a judgment rendered by him by testimony that he failed to perform his duty in the rendition of that judgment. It would be no more competent for a pharmacy board to attempt to set aside its former judgment and thereafter to enter upon a re-examination of the adjudicated question on the ground that a sufficient examination had not originally been made than it would for a judge of a court, after adjournment of the term, to set aside one of his judgments on the ground that it had been entered upon insufficient evidence, or for a jury after the rendition of their verdict to come in and seek to impeach it for similar reason. Public judicial and quasi-judicial records must rest upon a more secure foundation than would be the case if any such contention as the board now makes were allowed to be heard or to prevail.

Nor may the force of the former adjudication of appellant's good moral character be avoided by the suggestion that there may have been a change in that regard. In the first place the Legislature has authorized a review of judgment on that issue only in case the licensee has been convicted of unlawfully selling habit

forming drugs or intoxicating liquor, section 5844, Code 1930; and, in the second place, there is no sort of intimation in this record that appellant has in any way suffered any change whatever in respect to his good moral character.

The trial court found as a fact, and the finding is supported by the undisputed testimony, that the appellant was granted a license as a registered pharmacist by the state board of pharmacy of the state of Louisiana, on a pharmaceutical examination, prior to December 31, 1927; the present record shows that the Mississippi state board of pharmacy has already adjudged appellant to be of good moral character; wherefore there remains nothing further to be done by the last-named board, except the ministerial duty of issuing to him the license prayed as a registered pharmacist in Mississippi. The present statute, House Bill No. 155, Laws 1934, approved March 9, 1934, contains a saving clause that no pending action or suit shall be affected by the new statute. It follows that the judgment of the circuit court must be reversed; and the cause is therefore remanded, with directions that a peremptory writ of mandamus issue to said Mississippi state board of pharmacy, and to each and every member thereof, commanding that said board shall forthwith issue to appellant, H. E. Watkins, a license as a registered pharmacist in this state, effective as of and from the first day of July, 1933.

Reversed and remanded, with directions.