IN RE APPLICATION OF N. B. BROUGHTON ESTATE TO BUILD FILLING STATION IN CITY OF RALEIGH.

(Filed 29 April, 1936.)

**Municipal Corporations H b—**

The approval by the Board of Adjustment of a denial of a permit to erect a filling station on certain land ·does not constitute *res judicata* upon a second application made therefor three years after the first application upon substantial change of the traffic conditions.

APPEAL by petitioner from *Parker, J.,* at October Term, 1935, of WAKE.

*Certiorari* to review ruling on application for permit to build filling station.

In April, 1935, permit was issued to "N. B. Broughton Estate" to erect a filling station at the southeast corner of Edenton and Person streets in the city of Raleigh. Objection ·was made and the matter appealed to the board of adjustment on the ground that such permit was in violation of the zoning act and ordinances, and that a similar application had been denied in April, 1932. Protest overruled and issuance of permit sustained on ground of "changed conditions and in view of the fact that this property has heretofore been zoned for neighborhood business"; whereupon, *certiorari* was had to review the action of the board of adjustment by the Superior Court of Wake County, as provided by statute. 3 C. S., 2776 (r), *et seq.*

Upon evidence offered in the Superior Court, and from a personal inspection of the *locus in quo,* his Honor concluded that there had been no substantial change in conditions and that the adverse ruling in April,

1932, "was and is *res judicata* in the present proceeding." The action of the board of adjustment was reversed and the permit declared null and void.

Petitioner appeals, assigning errors.

*John W. Hinsdale, J. M. Broughton, and W. H. Yarborough, Jr.,* for petitioner.

*Charles U. Harris* for respondents.

STACY, C. J. The single question presented by the appeal is whether the board of adjustment was precluded, on the principle of *res judicata,* from approving issuance of building permit in April, 1935, by reason of its approval of a denial of a similar application in April, 1932.

The trial court held that the case was controlled by the decision in *Little v. Raleigh,* 195 N. C., 793, 143 S. E., 827. The two cases are not alike. In the first place, the cited case was on application "to reopen and rehear" a former decision which had received judicial approval *sub nomine Harden v. Raleigh,* 192 N. C., 395, 135 S. E., 151. Not so here. In the next place, *Little's case, supra,* was not only identical in allegation and fact with the original case, but was in truth the same case. Here, the traffic conditions as found by the board, "have materially changed since the former application was acted on in 1932."

There was error in holding the principle of *res judicata* applicable to the facts of the present record. 34 C. J., 808; 43 C. J., 356, *et seq.*

Error.