CITY OF JACKSON *v.* HOLLIDAY, et ux.

No. 42576          February 11, 1963          149 So. 2d 526

*E. W. Stennett, John H. Stennis,* Jackson, for appellant.

*Watkins & Eager,* Jackson, for appellees.

416

Etheridge, J.

This case involves application of the doctrine of res judicata to a municipal zoning ordinance for a particular lot. Previously, the city council rezoned the property from commercial to residential, and the circuit court reversed it, adjudicating the order was unreasonable and arbitrary. There was no further appeal. Subsequently, without any changed conditions, the city council again ordered the lot changed from commercial to residential, on the theory that the zoning map was erroneously composed. The Circuit Court of Hinds County, First District, held that its first judgment was res judicata as to use classification, absent changed conditions, and again reversed the city council. This appeal was taken from that second judgment, which we affirm.

Mr. and Mrs. Arthur S. Holliday own a corner lot on Clinton Boulevard in the City of Jackson. Adjacent on the west is a larger tract owned by Mrs. Maynelle Hayward, which has been used since 1923 for commercial purposes, and operated under the names of ''Mynelle's Gardens'' and ''Mynelle's Interiors.'' In August, 1958 this land was not within the city limits. The Board of Supervisors of Hinds County adopted a zoning map classifying the Holliday lot as commercial, and the Hay-

ward tract as residential. In 1960 the City of Jackson extended its limits to include both lots. **(Hn 1)** When it is taken into a city, property zoned by the county does not come in as unzoned property. The Holliday and Hayward lots remained zoned as prescribed by the county, but subject to a subsequent, proper change by the city. Highland Village Land Co. v. City of Jackson, 137 So. 2d 549 (Miss. 1962).

In January, 1961 Mrs. Hayward and others petitioned the city council to change the zoning of the Holliday property from commercial to residential, averring the area was predominately residential, and classifying it as commercial would affect adversely other property in the vicinity. Proper notice was given of the hearing on this petition before the city council. The Hollidays filed objections. Evidence reflected that there was considerable commercial development in the area, including extensive commercial use of the Hayward property, an antique shop across the street, to the east within 160 feet a beauty salon, and further east an animal clinic, doctors' offices, and on the next corner service stations.

Nevertheless, on February 15, 1961 the city council adopted an ordinance rezoning the Holliday lot from commercial to residential. It found the area was predominately residential, and the property itself was being used for residential purposes. A nonconforming use had existed on the Hayward property to the west for more than thirty years. There was not presently a demand for additional commercial development, and it would be detrimental to the residential property owners within the immediate vicinity for such development of the Holliday lot. Hence the city council sustained the petition for the Holliday rezoning, from commercial to residential.

The Hollidays appealed that order to the Circuit Court of Hinds County. It held that the burden of proof was on proponents of the proposed changed to

show the need of rezoning, and there was no evidence which would support the city ordinance, but all of it supported reasonableness of the commercial classification, as made by the Board of Supervisors in 1958; and that rezoning from commercial to residential was an unreasonable and arbitrary act. Hence the Circuit Court, on May 9, 1961, reversed the city council's ordinance changing Holliday from commercial to residential, and dismissed the petition. This is the judgment which the circuit court subsequently and correctly held to be res judicata of the later proceedings.

Seventeen days after this judgment, Mrs. Hayward and McMullen filed a ''Petition for Correction of Zoning Map'', designed in part to re-determine and re-try exactly the same issues in the earlier proceedings. They asked the city council to rezone the Holliday lot from commercial to residential, and to rezone the Hayward property from residential to commercial. The petition said the prior zoning was through error in preparation of the Hinds County Zoning Map in 1958. Counsel for the Hollidays and Haywards stipulated that, at the hearing before the city council, the transcript of the 1961 hearing and related documents could be considered as evidence in these proceedings. No material changes in land use had occurred in the immediate vicinity of the involved tracts since the prior hearing. Affidavits of a member of the board of supervisors and two other men connected with the county map stated that in their opinions the Hinds County Board of Supervisors intended to zone the Holliday property as residential, and its zoning as commercial occurred through error in preparation of the use map. In February, 1962 the Hollidays granted an option to an oil company to purchase a part of their corner lot.

On May 29, 1962 the city council again attempted to rezone the Holliday lot from commercial to residential. It found there was an error made by the draftsman

for the board of supervisors in preparation of the zoning use map. It also rezoned the Hayward lot from residential to commercial, but there is no issue on this latter action, and no appeal was taken from it.

The Hollidays appealed to the circuit court, which again reversed the city council, and held that its 1961 judgment was res judicata as to zoning of the Holliday property, unless there were a change of circumstances in the immediate area warranting an alteration, and there was none. Hence the circuit court's judgment of August 2, 1962 reversed the city council's order. This left the Holliday lot classified as commercial.

(Hn 2) The common law doctrine of res judicata, including the subsidiary one of collateral estoppel, is designed to prevent relitigation by the same parties of the same claims or issues. The reasons behind the doctrine, as developed in the courts, are fully applicable to some administrative proceedings, partially applicable to some, and not at all applicable to others. (Hn 3) The doctrine is best applied to an adjudication of past facts. 2 Davis, Administrative Law Treatise (1958), Secs. 18.01-18.12; 2 Am. Jur. 2d, Administrative Law, Secs. 496-504; see also Parker, Administrative Res Judicata, 40 Ill. L. Rev. 56 (1945); Schopflocher, The Doctrine of Res Judicata in Administrative Law, 1942 Wisc. L. Rev. 1, 198; Comment, 49 Yale L. J. 1250 (1940); Groner and Sternstein, Res Judicata in Federal Administrative Law, 39 Iowa L. Rev. 300 (1954).

Administrative law presents special problems resulting from the differences in the judicial and the administrative processes. However, difficulty does not attach in the instant case, because the administrative, legislative determination of the rezoning was reviewed by the circuit court in 1961, reversed, and set aside, and no appeal was taken from that judgment.

2 Am. Jur. 2d, Administrative Law, Sec. 499 summarizes the rule in this way:

**(Hn 4)** ''Where an administrative determination has been reviewed by the courts, the res judicata effect, if any, attached to the court's judgment rather than to the administrative decision, and it is frequently recognized that the rule of res judicata applies when an order or decision of an administrative agency in the exercise of a quasi-judicial or adjudicatory power has been affirmed by a reviewing court; the same is true in the case of a reversal by the court or where review has been denied. Furthermore, even though an administrative determination itself, because legislative or administrative in its nature, or for other reasons, may not be capable of being res judicata, a court's judgment rendered in its judicial capacity, with respect to such a determination, operates as res judicata in the same manner as its other judgments.''

**(Hn 5)** These principles have been applied in numerous cases. Whittle v. Board of Zoning Appeals of Baltimore County, 211 Md. 36, 125 A. 2d 41 (1956); Little v. Board of Adjustment, 195 N. C. 793, 143 S. E. 827 (1928); Veal v. City of St. Louis, 365 Mo. 836, 289 S.W. 2d 7 (1956); Davlee Construction Corp. v. Brooks, 188 N.Y.S. 2d 847 (1959); see Russell v. Board of Adjustment, 31 N.J. 58, 155 A. 2d 83 (1959); Anno., Judgment Denying Permit for Use of Premises Under Zoning Regulations as Bar to Subsequent Applications, 71 A.L.R. 2d 362 (1960). A judgment bars a subsequent application for the same purpose where the facts upon which it is based are not changed and the conditions are substantially similar. Here similarity of conditions exists. We do not have a case where there are changed circumstances and new facts which did not exist at the time of the prior judgment. 71 A.L.R. 2d at 1363.

In the instant case there were also the requisite identities of issue, whether the Holliday lot should be rezoned from commercial to residential; of subject matter,

the property itself; and of the parties, the City of Jackson, the Hollidays, and Mrs. Hayward.

Viator v. Stone, 203 Miss. 109, 115, 37 So. 2d 1 (1948), on suggestion of error, is analogous. Viator contested an assessment of additional sales tax by the State Tax Commission. This was controverted by an appeal by certiorari from the assessment, which was affirmed by the circuit and this court; by suit for injunction against the sheriff, which was denied and later affirmed by this Court; and by paying the tax and bringing a suit to recover, where a plea of res judicata was entered, but said to be insufficiently pleaded. This Court held that the appeal by certiorari from the assessment involved the questions of whether it was valid and the taxpayer was liable. The additional assessment merged into the judgment of affirmance rendered by the circuit court on certiorari, which was upheld by this Court. 203 Miss. at 119. Hence the prior administrative action of the Commission, assessing Viator for additional sales tax, merged into the judgment of the circuit court affirming the assessment. That precedent judgment constituted res judicata in the subsequent proceedings to recover the tax paid under protest. See also Watkins v. Miss. State Board of Pharmacy, 170 Miss. 26, 154 So. 277 (1934).

(Hn 6) The fact that the 1961 judgment reversed the city council, rather than affirmed the administration order, does not deprive the judgment of its finality as to rezoning, where there were no changed conditions. 2 Am. Jur. 2d, Administrative Law, Sec. 499; 2 Davis, Sec. 18.11, p. 624.

(Hn 7) In short, the 1961 judgment of the circuit court, reversing and setting aside the city council's rezoning of the Holliday lot, for lack of substantial evidence to support the findings, constituted, in the court's holding itself, res judicata on the issue of the reasonableness or arbitrariness of rezoning. Hence the circuit court

was correct in ruling the 1961 judgment to be res judicata.

Affirmed.

*Lee, P. J., and Kyle, Arrington, and Rodgers, JJ.,* concur.