244 So.2d 724 (1971)
Mrs. A.J. YATES, III
v.
MAYOR AND COMMISSIONERS OF the CITY OF JACKSON.
No. 46172.
Supreme Court of Mississippi.
February 15, 1971.
Rehearing Denied March 8, 1971.
Robert W. King, Jackson, for appellant.
Stennett, Wilkinson & Ward, James A. Peden, Jr., Jackson, for appellee.
*725 INZER, Justice:
This is an appeal by Mrs. A.J. Yates, III, and others from a judgment of the Circuit Court of the First Judicial District of Hinds County affirming an order of the City Council rezoning from residential A-1 to residential A-2 38 acres of land located in the western part of the City of Jackson on the south side of Robinson Road and opposite the southern end of Oakmont Street.
On October 3, 1969, petitioners Charles Wilson, Kemmons Wilson and Lockett L. Peyton filed a petition requesting the City Council to rezone the above described property from residential A-1 to residential A-2. The petitioners proposed to use the property to construct thereon a modern townhouse apartment complex. The zoning board conducted a hearing on the petition and recommended that the subject property be rezoned as requested. The city council, after a public hearing, by a majority vote entered an order amending the zoning ordinance rezoning the property from residential A-1 to residential A-2.
The record reflects that petitioners had previously filed a petition to rezone the same property from residential A-1 to residential A-3 and that this petition was denied on July 5, 1969, and no appeal was had from that decision.
Appellants urge that the circuit court was in error in (1) failing to find that the city council erred in rezoning the subject property, (2) failing to apply the doctrine of res judicata and (3) not holding the decision of the city council is invalid because it attempted to impose restrictions as a part of its rezoning ordinance.
A review of the record in this case discloses that there was ample and substantial evidence from which the city council could find that conditions had changed since the property was originally zoned residential A-1 to make it to the best interest of the city that the property be rezoned as residential A-2.
The important question in this case is whether the city council and the circuit court were in error in refusing to apply the doctrine of res judicata. Appellants urge that the denial of the petition to rezone this property from residential A-1 to residential A-3 in July 1969 made it incumbent upon the petitioners to allege and prove that there had been a change of circumstances from the time of the denial of the first petition to make it to the best interest of the city that the property be rezoned. This, it is alleged, the petitioners wholly failed to do. On the other hand, the city contends that it was not required to apply the doctrine of res judicata in this case because the petition now before the Court asked for a different type of relief than that asked for in the first petition. Appellee admits that had petitioners in the present case again sought to rezone subject property to residential A-3, then the doctrine of res judicata would apply, but point out that there is a marked difference between the classification sought in the present case and the one sought in the former petition.
An examination of the city zoning ordinance reveals that the classification residential A-2 provides, among other things, for apartments or multiple dwellings with at least 2,000 square feet for each family unit with the same front and side yard requirements as set forth in residential A-1. While residential A-3 provides for, among other uses, apartments, apartment hotels and apartment buildings unrestricted as to height or area of ground per family unit. It is readily apparent that there is a material difference in the classifications.
We have held in several cases that where a change is sought and denied that the city must apply the doctrine of res judicata to the facts that then existed when considering a petition to rezone the same property to the same classification. However, the question here is whether it must apply the doctrine where a petition is filed *726 to rezone the property to a different and more restrictive classification. We are of the opinion that the city is not required to apply the doctrine under these circumstances. We hold that the proper rule is that the city council is not required to apply the doctrine of res judicata when the new petition seeks a lesser variance than did the former petition which was denied.
Finally, appellants urge that the order of the city council is void because of a restriction placed in the ordinance. The city incorporated in the ordinance a provision that before a permit is issued for any construction to be begun on said property or for any use thereof, provision for adequate off-street parking must be made. Appellants rely upon a statement made in Lewis v. City of Jackson, 184 So.2d 384 (Miss. 1966), wherein we stated as a general rule zoning authorities may not impose conditions and limitations in an order rezoning property. However, the condition imposed in Lewis provided that the property rezoned from residential to commercial would revert to its former classification if construction were not begun within two years, a condition which indicated that there was no vital reason to rezone the property at all. The zoning ordinance of the City of Jackson requires that for apartment buildings and multiple family dwellings in the residential A-2 zone, off-street parking must be available for at least one car per family. It is generally recognized that zoning ordinances can, and should, provide for off-street parking to prevent street congestion. Under modern day conditions any plan for the development of land must reckon with the parking problem, especially is this true in heavily populated areas. Off-street parking regulations come within the delegation of zoning power to the city, and the city has the power to make reasonable regulations to prevent street congestion in the development of land. The provision requiring that before a permit could be issued to construct buildings on the subject property, adequate off-street parking must be provided for, is in keeping with the ordinance itself. Under these circumstances, the provision does not invalidate the order.
For the reasons stated, we are of the opinion that this case must and should be affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and SMITH, JJ., concur.