SMITH, Justice:
This is a rezoning case. Robertsteen W. Love, owning property within 160 feet of the property here involved, appeals from a judgment of the Circuit Court of the First Judicial District of Hinds County which affirmed the action of the Council of the City of Jackson rezoning property belonging to Ethel Johnson Tyler from residential to A-l commercial.
Acting on a petition so requesting filed by Ethel Johnson Tyler on March 14, 1969, the City Council had, on August 12, 1969, adopted an ordinance rezoning her property from residential to A-l commercial. From that action, objector Love appealed to the Circuit Court of the First Judicial District of Hinds County. On October 17, 1969, that court entered a final judgment reversing the City Council and setting aside the rezoning of the property. There was no appeal by Ethel Johnson Tyler or anyone else from that judgment. Instead, she sought to begin the proceedings all over again.
On November 17, 1969, she filed a second petition again requesting the City Council to rezone the property from residential to A-l commercial.
After various delays, on March 3, 1970, the City Council adopted an ordinance again granting the petitioner’s request to rezone the subject property from residential to A-l commercial. From that action, Love again appealed to the Circuit Court of the First Judicial District of Hinds County. This time, on July 13, 1970, the court affirmed the judgment, stating in the judgment that the court was of the opinion that the action of the Council had not been “arbitrary and capricious.” It is from this second judgment (neither Ethel Johnson Tyler nor anyone else having appealed from the first judgment) that Love appeals.
The case is controlled by principles laid down in City of Jackson v. Holliday, 246 Miss. 412, 149 So.2d 525 (1963). The record before us shows that the first and second proceedings involved the identical parties, subject matter and issues. Moreover, it does not reflect that there had *634 been any material “change in land use in the immediate vicinity” since the date of the prior hearing.
Under the circumstances, the judgment' entered by the circuit court on the first appeal was conclusive upon the parties for reasons discussed in detail in City of Jackson v. Holliday, supra. The judgment appealed from is reversed and judgment is entered here for appellant setting aside the rezoning of the property from residential to A-l commercial.
Reversed and judgment here for appellant.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ„ concur.