GILLESPIE, Chief Justice:
This zoning case originated with a petition filed by Leo W. Hall and K. W. McMurtray with the Zoning Board of the City of Jackson. Hall and McMurtray, hereinafter referred to as petitioners, sought to rezone from residential A-2 to commercial a parcel of land at the southwest corner of Fortification and Greymont Streets in the City of Jackson. The property fronts 141 feet on Fortification Street and 208 feet on Greymont. It is located at the Fortification Street interchange on Interstate Highway No. 55. Petitioners desire to construct a gasoline service station if the property is rezoned commercial. The zoning board recommended that the petition be denied and that a study of the area should be made to determine what property surrounding the highway interchange should be rezoned to commercial. The city council rezoned the property from Residential A-2 to Commercial.
Mrs. Maria Harrison and others, hereinafter called protesters, who had protested the rezoning order, appealed to the circuit court where the order of the city council was affirmed. The protesters then perfected an appeal to this Court.
In the assignments of error the protesters contend that the order of the city council rezoning the property was not based on substantial evidence, was arbitrary and capricious and was not shown to be in the best interest of the welfare of the City of Jackson. We hold that the question whether there has been sufficient change in the area to justify the city council in rezoning the property is at least debatable and affirm the case.
The recent case of Currie v. Ryan, 243 So.2d 48 (Miss.1970) presented a close question on whether the character of the area had changed since the previous order of the city council to an extent that would justify the rezoning of property from residential to commercial. The Court said:
The order of the city governing board is a legislative function and is presumed to be valid. Ridgewood Land Co. v. Moore, 222 So.2d 378 (Miss.1969). Whatever may be the personal opinion of the judges of an appeal court on zoning, the court cannot substitute its own judgment as to the wisdom or soundness of the municipality’s action. Moore v. Madison County Bd. of Supervisors, 227 So.2d 862 (Miss.1969). The scope of a reviewing court is limited. The order of the governing body of a municipality may not be set aside if its validity is fairly debatable, and such order may not be set aside by a reviewing court unless it is clearly shown to be arbitrary, capricious, discriminatory or is illegal or without substantial evidential basis. Sanderson v. City of Hattiesburg, 249 Miss. 656, 163 So.2d 739 (1964). [243 So.2d at 51, 52.]
In the present case the order of the city council made specific finding of changes as follows:
1. The completion of the new Interstate Highway 55 System and the connection of the Fortification Street Interchange thereto at this location.
2. The increased traffic flow and the change in the traffic flow at this location.
3. The City’s plan and intention of developing Fortification Street into a four lane thoroughfare connecting said Interstate Highway 55 with the developing Interstate Highway No. 220 bypass thus creating a major arterial crosstown connection.
4. The area involved has become largely a residential rental area and commercialization is presently taking place along Fortification Street.
>{! ‡ >js ‡ jji
The evidence sustained these findings, and whether these changes were sufficient to justify the rezoning order is at least a debatable question.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.