261 So.2d 458 (1972)
CITY OF JACKSON and H.C. Bailey, Jr.
v.
Mrs. Leona RIDGWAY et al.
No. 46584.
Supreme Court of Mississippi.
March 27, 1972.
Rehearing Denied May 8, 1972.
Henley, Lotterhos & McDavid, Joseph Stephens, John E. Stone, Jackson, for appellants.
Cox & Dunn, Ltd., Jackson, for appellees.
GILLESPIE, Chief Justice:
This is an appeal by the City of Jackson and H.C. Bailey, Jr., from a judgment of the Circuit Court of the First Judicial District of Hinds County reversing an order of the City Council rezoning from Residential A-1 to Residential A-2 a 3.51 acre tract of land located at the southeast corner of the intersection of U.S. Highway I-55 and Meadowbrook Road.
In August 1970, H.C. Bailey, Jr., filed an application with the zoning committee of the City of Jackson requesting that the above described property be rezoned from Residential A-1 to Residential A-2. The petitioner proposed to use the property to construct thereon a modern townhouse apartment complex. The zoning board conducted a hearing on the petition and recommended that the subject property be rezoned as requested. The City Council, after a public hearing, by a majority vote, entered an order amending the zoning ordinance by rezoning the property from Residential A-1 to Residential A-2.
H.C. Bailey, Jr., had previously filed a petition to rezone the same property from Residential A-1 to Residential A-3, and this petition was denied by the City Council on April 30, 1968.
The tract in question was unsuitable for one-family residential purposes even before development in the area because of its hilly and steeply sloping terrain. It was not included as a part of any of the subdivision created in the area, and is a tract left over from residential development and highway and street construction in this area. The unsuitability of the tract for one-family dwelling was further compounded by the construction of the east frontage road for U.S. Interstate 55 North, which frontage *459 road bounds the subject property on its northern and western boundary. The frontage road had to be built up ten to fifteen feet above ground level, and the frontage road and its traffic overlook substantial portions of the tract sought to be rezoned.
A great majority of the improvements and developments on either side of I-55 North through the city, and particularly in the area from the Briarwood Interchange south to the Lakeland Drive Interchange, have been for commercial purposes. A tract diagonally across and west of I-55 North from the subject property is now occupied by and used as an apartment complex under a residential A-3 zoning classification. No one-family dwellings fronting or abutting on I-55 North or any of its frontage roads have been built within the past decade. The entire area along either side of I-55 North is rapidly being developed for commercial purposes or as apartment complexes under a Residential A-3 classification, or is undeveloped as is the subject tract. There are no reasonable prospects of any land along I-55 North in the City being developed under a Residential A-1 classification.
The first question for our decision is whether the doctrine of res judicata, including the subsidiary one of collateral estoppel, is applicable in this case. The appellees (protesters) contend that the facts essential to the decision when the City Council denied the rezoning from Residential A-1 to Residential A-3 on April 30, 1968, are precisely the same facts that the City Council necessarily found against the protesters in its order rezoning the property to Residential A-2, pursuant to the August 1970 petition. In City of Jackson v. Holliday, 246 Miss. 412, 149 So.2d 525 (1963), this Court stated that "[T]he common law doctrine of res judicata, including the subsidiary one of collateral estoppel, is designed to prevent relitigation by the same parties of the same claims or issues ..." (246 Miss. at 419, 149 So.2d at 527).
Although the protesters ably and vigorously argue that the doctrine of collateral estoppel applies to the present case, we are of the opinion that this issue was decided adversely to the protesters' position in Yates v. Mayor and Commissioners of the City of Jackson, 244 So.2d 724 (Miss. 1971). In that case, as in the present one, the property owners first sought to have the property rezoned from Residential A-1 to Residential A-3, and shortly after the denial of this petition the property owners filed another petition to rezone the property to Residential A-2. In Yates, as in the present case, the proposed use of the property after rezoning was the same in both petitions. Nevertheless, the Court held that there is a material difference between the Residential A-2 classification and Residential A-3 classification, and the City was not required to apply the doctrine of res judicata when the second application seeks to rezone the property to a different and more restrictive classification. We think the Yates case is decisive of the question raised in the present case.
The second question is whether the order involved constitutes spot zoning and was therefore discriminatory and illegal. In McKibben v. City of Jackson, 193 So.2d 741 (Miss. 1967), this Court stated that the term "spot zoning" is ordinarily used where a zoning ordinance is amended reclassifying one or more tracts or lots for uses prohibited by the original zoning ordinance, and out of harmony therewith, and whether such an amendment will be held void depends upon the circumstances of each case. We cannot say as a matter of law that the rezoning of this property to Residential A-2 so as to be used for modern townhouse dwellings is illegal as "spot zoning." It was a matter for the City Council to take into consideration, but not one for this Court. The protesters in the recent case of Harrison v. City of Jackson, 253 So.2d 535 (Miss. 1971), had a stronger case on "spot zoning" than do the protesters in the present case. In Harrison, the Court rejected the spot zoning argument without comment.
*460 The Court has repeatedly stated that zoning is essentially a legislative function and the scope of judicial review is limited. It is not what the Judges of this Court individually believe would be a proper zoning of property but whether we are justified in reversing the order of the duly constituted authorities whose function is to decide such questions. We find no justification for a reviewing court to overturn the order of the City Council.
The judgment of the circuit court is therefore reversed and the order of the City Council is reinstated.
Reversed and rendered.
JONES, BRADY, SMITH and SUGG, JJ., concur.