421 So.2d 1219 (1982)
Charles WRIGHT, et al.
v.
MAYOR AND COMMISSIONERS OF the CITY OF JACKSON, MS & Dr. Michael R. Smith.
No. 53849.
Supreme Court of Mississippi.
October 13, 1982.
Rehearing Denied December 1, 1982.
*1220 R.E. Swindoll, Sr., Jackson, for appellants.
Stennett, Wilkinson & Ward, James A. Peden, Jr., Gay Dawn Horne, Howard C. Ross, Jr., Jackson, for appellees.
Before PATTERSON, C.J., and ROY NOBLE LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
This case involves an appeal by neighboring landowners who live adjacent to a 44.5 acre tract of undeveloped land on the south side of U.S. Highway 80 west within the City of Jackson, seeking to reverse a court order rendered by the Circuit Court of the First Judicial District of Hinds County. The court order upheld the Jackson City *1221 Council's decision to rezone the 44.5 acre tract from R-2 (Residential, single and two-family) classification to C-3 (Commercial), C-1 (Commercial Restricted) and R-3 (Residential-Townhouse and Zero lot line) classifications.
The assignments of error raised on appeal are:
(1) That the Circuit Court erred in failing to apply the doctrine of res judicata which would bar consideration of the rezoning request.
(2) That the Jackson City Council and the Circuit Court erred in not affirming the Jackson Zoning Committee and the City Planning Board's recommendations to deny the application for rezoning.
(3) That the Circuit Court erred in affirming the Jackson City Council's action to rezone the subject property since there had been no showing of both substantial change in the neighborhood and a public need for such rezoning.
The subject property of the present rezoning application was formerly owned by one Richard R. Stock. In 1978, Stock filed with the City of Jackson an application to rezone the subject property to classifications of C-3 (General Commercial) and R-3 (Townhouse and Zero Lot Line Residential). At that time, the City Planning Board's recommendation that the application be denied was upheld by the Jackson City Council, and in turn, was affirmed by the Circuit Court of the First Judicial District of Hinds County.
The present case began when the appellee, Dr. Michael R. Smith, as the new owner of the subject property, filed a rezoning application with the other appellee, the City of Jackson, on June 15, 1981. On July 9, 1981, a fact-finding hearing was conducted by the Jackson Zoning Committee. On the basis of facts gathered at that hearing, the Zoning Committee and the City Planning Board recommended that the City Council deny the rezoning application. However, the Jackson City Council found that the proposed rezoning "would be in keeping with sound land use practice and to the best interest of the city", and by a vote of two to one adopted an ordinance rezoning the subject property to Dr. Smith's requested classifications.

I.
The appellant's first contention is that the circuit court erred in failing to apply the doctrine of res judicata to the present case. The common law doctrine of res judicata is designed to prevent relitigation by the same parties of the same claims or issues. City of Jackson v. Holliday, 246 Miss. 412, 149 So.2d 525 (1963). See R. Khayat and D. Reynolds, Zoning Law in Mississippi, 45 M.L.J. 365, 390-91 (1974) (brief summary of law concerning doctrine of res judicata in zoning cases). Generally, four identities must be present before the doctrine of res judicata will apply to bar relitigation: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the action, and (4) identity of the quality or character of a person against whom the claim is made. Cowan v. Gulf City Fisheries, Inc., 381 So.2d 158 (Miss. 1980). Thus, the doctrine has not been applied where the subsequent petition to rezone requests a different or more restrictive classification. See City of Jackson v. Ridgway, 261 So.2d 458 (Miss. 1972) (material difference between subsequent request to rezone to Residential A-2 classification and first request to rezone to Residential A-3 classification); Yates v. Mayor and Commissioners of City of Jackson, 244 So.2d 724 (Miss. 1971) (same).
In the instant case, Dr. Smith's proposal included some rezoning of the subject property in the southeast area to C-1 Restricted Commercial. Mr. Stock's petition requested that the same area be rezoned to C-3 General Commercial. Thus, following the precedent of the Ridgway and Yates cases above, the doctrine of res judicata is *1222 inapplicable and does not bar consideration of Dr. Smith's application to rezone.

II.
The appellants' second contention is that the Jackson City Council and the Circuit Court should have been bound by the Zoning Committee and Planning Board's recommendations to deny the rezoning request. This precise legal question has been raised in our Court before in a similar factual situation. In City of Jackson v. Sheppard Investment Co., 185 So.2d 675 (Miss. 1966) the Court stated:
The Zoning Committee of the City Planning Board is an advisory body only. It can recommend to the City Council what it thinks should be done, but it cannot pass finally on a petition to rezone. Zoning is an exercise of the police power by the governing authority, in this case, the City Council of the City of Jackson. [185 So.2d at 676].
Thus, a City Council must ultimately have the final say in municipal zoning matters. See also City of Jackson v. McMurry, 288 So.2d 23 (Miss. 1974) (ultimate legislative function of zoning remains in City Council despite existence of subordinate advisory committee); Delta Construction Company of Jackson v. City of Pascagoula, 278 So.2d 436 (Miss. 1973) (City Planning Commission and Board of Zoning Adjustment and Appeals are advisers as to planning and zoning, but final decision is left to City Council); Sanderson v. City of Hattiesburg, 249 Miss. 656, 163 So.2d 739 (1964) (City Commission has legislative function of zoning, and it may or may not accept recommendations offered by board of review). In light of this overwhelming precedent, it should be readily apparent that the Jackson City Council was not bound by its advisory committees.

III.
The appellants' final contention is that there had been an insufficient showing of both substantial change and public need for the rezoning. On prior occasions, our Court has recognized the presumption that comprehensive zoning ordinances adopted by municipal authorities are well planned and adopted to be permanent. Cloverleaf Mall Ltd. v. Conerly, 387 So.2d 736 (Miss. 1980); Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968). Therefore, to justify a rezoning, the burden of proof is upon the applicant to show either: (1) that there was a mistake in the original zoning, or (2) that the character of the neighborhood had changed substantially and that there was a public need for rezoning the property. City of Oxford v. Inman, 405 So.2d 111 (Miss. 1981); Sullivan v. City of Bay St. Louis, 375 So.2d 1200 (Miss. 1979). See generally J. Gladden, Jr., The Change or Mistake Rule: A Question of Flexibility, 50 M.L.J. 375 (1979) (general criticism of Court's use of above test). Furthermore, the applicant must prove the requisite elements by clear and convincing evidence. City of New Albany v. Ray, 417 So.2d 550 (Miss. 1982); Bell v. City of Canton, 412 So.2d 1179 (Miss. 1982).
In the case at bar, the applicant failed to show a public need. Dr. Smith claimed that he could improve the tax base of the City by constructing a new shopping mall and professional offices on the subject property. However, an architectural and planning expert testified as to several reasons why there was no public need for this rezoning. He stated that there were two shopping centers near the subject property, and that a third shopping center had recently been closed due to the competition. In fact, the Metro Center, approximately one and one-half miles from the subject property, is a "regional" center capable of serving 100,000 to 200,000 residents, a population which would encompass the entire metropolitan area of Jackson. Additionally, there were several other commercial areas near the subject property's neighborhood which were not currently being used. The contestants also provided a petition *1223 containing 133 signatures of neighbors in opposition to the rezoning application. They argued that there was no need for an additional shopping center, nor did they believe that these residential areas could handle the additional traffic.
With regard to the claim of substantial change in the subject property's neighborhood, the appellees have also failed to sustain their burden of proof. The only change of any consequence in the neighborhood was a doubling of an already existing industrial zone to the northwest of the subject property. (See attached map at end of opinion showing neighborhood in question). Another change, the construction of a fire station, was a compatible construction with residential or commercial areas, and does not constitute a substantial change. The other changes listed by the applicants' counsel did not occur in the subject property's neighborhood. The fact that Interstate Highway 220 had recently been constructed two miles away, or the fact that the nearby City of Clinton had doubled in population in the last ten years, has no relevance with regard to the neighborhood in question.
Since the applicant has failed to prove by clear and convincing proof that (1) there has been a substantial change in the neighborhood and (2) a public need for such rezoning, we must reverse the order of rezoning granted below.
REVERSED AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, BOWLING and DAN M. LEE, JJ., concur.
*1224