**Allan WALL, et al., Plaintiffs,**

v.

**Verle HEATH, et al., Defendants.**

**Civ. A. No. E84–0119(L).**

United States District Court, S.D. Mississippi, E.D.

Oct. 17, 1985.

---

William L. Bambach, Columbus, Miss., for plaintiffs.

Edwin Lloyd Pittman, Atty. Gen., Ed Davis Noble, Jr., Asst. Atty. Gen., Ryan Hood, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on motion of defendants Verle Heath, Charles Higginbotham, Johnny Kinnard and Lon Strong for summary judgment on various preclusion and immunity grounds. Plaintiffs Allan Wall, Lester Sire, Willie Sire, Ronald Ceruti, Albert Fair and John Cardin filed timely response to defendants' motion, and the court has considered the memoranda with attachments submitted by the parties.

On October 13, 1983, plaintiffs were arrested by defendants Heath and Higginbotham, agents of the Wildlife Conservation Department of the State of Mississippi, and charged with hunting deer at night with the aid of a headlight in violation of Miss.Code Ann. § 49–7–95 (Supp.1983). It appears that plaintiffs were immediately taken before defendant Johnny Kinnard, a justice court judge in Brooksville, Mississippi, for a hearing which commenced shortly after midnight on the morning of October 14, 1983. The record indicates that all six plaintiffs pled guilty to the charge and received fines totalling $800.00. Plaintiffs allege, *inter alia*, that defendants Heath and Higginbotham conducted warrantless searches of plaintiffs' property; that Kinnard actually performed the arrest of plaintiffs after deceiving them concerning the purpose of their visit to his office; that Kinnard refused to enter plaintiffs' not-guilty plea and entered false information into the record by stating that all plaintiffs pled guilty; that Higginbotham, in the presence of Heath and Kinnard, threatened plaintiffs with confiscation of their property if they chose to exercise their right to counsel or offer evidence on their own to dispute Kinnard's sentence; and that defendant Strong was grossly negligent in failing to train his agents properly to avoid violation of plaintiffs' constitutional rights. Plaintiffs subsequently initiated the instant action against the defendants in their individual capacities pursuant to 42 U.S.C. § 1983.

Defendants' motion for summary judgment asserts two independent legal grounds allegedly warranting dismissal of plaintiffs' case, res judicata (claim preclusion) and immunities under § 1983. With regard to the res judicata effect of plaintiffs' guilty plea, defendants argue that the instant action constitutes an impermissible attempt to relitigate issues which were finally determined in the justice court judgment. It is undisputed that plaintiffs did not file a timely notice of appeal as required by Miss.Code Ann. § 99–35–1. Plaintiffs' § 1983 cause of action is, defendants claim, merely an attempt to challenge their convictions through a federal statutory remedy after their own delinquency precluded an appeal. This argument is without merit.

■ Defendants acknowledge that state law controls the scope of the preclusive effect of all state court judgments. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982). Federal courts must give the same preclusive effect to a state court judgment as would the courts of the state from which the judgment emerged. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Defendants then erroneously assert that for res judicata to apply under Mississippi law there need only be "an identity of parties (*or privies*) and an identity of issues." (emphasis added). In point of legal fact, Mississippi law requires the presence of four identities before res judicata can be applied: identity of subject matter of the action, identity of the cause of action, identity of parties to the cause of action, and identity of quality or character of a person against whom the claim is made. *Dunaway v. W.H. Hopper & Associates, Inc.*, 422 So.2d 749 (Miss.1982); *Wright v. Mayor and Com'rs of City of Jackson*, 421 So.2d 1219 (Miss.1982). Conspicuously absent from the test for the application of res judicata under Mississippi law is any allowance for asserting the defense against a party *in privity* with the party to the previous adjudication. Furthermore, the doctrine of collateral estoppel under Mississippi law applies only to questions actually

litigated in the prior suit and not to questions which might have been litigated. *Dunaway,* 422 So.2d at 751.

■ Defendants' preclusion argument must fail. Not only are the issues raised in a misdemeanor sentencing and a § 1983 claim not identical, but the parties can scarcely be deemed identical. There is a considerable difference between the subject matter of a § 1983 claim against a state official (whether there was a violation of plaintiff's constitutional rights under color of state law) and a hearing on a misdemeanor charge of headlighting deer. Perhaps most foreign is the nature of the causes of action—one arising under a federal statute granting a civil cause of action for money damages against state officials for deprivation of constitutional rights, the other arising under a state statute aimed at regulating deer hunting through the imposition of criminal fines and penalties. Plaintiffs are not attempting to relitigate their conviction in the present action; rather, they are attempting to vindicate constitutional rights of which they were allegedly deprived through the actions of the defendants. To accept defendants' argument on claim and issue preclusion would effectively abrogate § 1983 as a method of challenging unconstitutional action whenever a criminal conviction resulted from such state action. This court cannot wittingly do so.

In addressing defendants' various immunity defenses, this court notes that the burden under Rule 56 of the Federal Rules of Civil Procedure is on the movant to show his right to summary judgment with such clarity as to leave no room for dispute that the other party is not entitled to recover under any discernible circumstances. *Simon v. United States,* 711 F.2d 740, 745 (5th Cir.1983). The nonmovant must set forth specific facts showing the existence of a genuine issue of material fact, with the court resolving all doubts in favor of the nonmovant. *Galindo v. Precision American Corp.,* 754 F.2d 1212 (5th Cir. 1985).

■ Defendants Heath, Higginbotham and Strong contend that they are protected from § 1983 liability by the doctrine of "official immunity." As state officials sued in their individual capacities, they are entitled to assert a qualified immunity defense to a § 1983 claim. In *Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982), the Supreme Court established an objective standard for applying the qualified immunity defense, holding that officials "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Thus, defendants Heath and Higginbotham are entitled to summary judgment on the qualified immunity defense only if the court can determine that plaintiffs have failed to allege any set of facts which would indicate the existence of a clearly established constitutional right which was arguably violated by the defendants' actions. This court cannot make such a determination. Plaintiffs have alleged facts—which this court must credit as true for purposes of this motion—indicating that Heath and Higginbotham deprived them of their constitutional right to counsel, right to due process and right to be free from unreasonable searches and seizures. Summary judgment on the plaintiffs' claims against defendants Heath and Higginbotham is improper.

■ This court is also of the opinion that defendant Johnny Kinnard's motion for summary judgment on the ground of absolute judicial immunity should be denied. While a judge of whatever status in the judicial hierarchy, including justices of the peace, is immune from suit for damages resulting from any act performed in the judicial role, *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 734, 100 S.Ct. 1967, 1975, 64 L.Ed.2d 641 (1980); *Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978), he loses that absolute immunity when he acts in "clear absence of all jurisdiction" or in a "nonjudicial capacity." *Stump,* 435 U.S. at 357, 98 S.Ct. at 1105;

*Brewer v. Blackwell,* 692 F.2d 387, 396 (5th Cir.1982). In *Brewer,* a justice of the peace was held to have acted in a nonjudicial capacity in performing the actual arrest of the plaintiff and, in the clear absence of jurisdiction, in conducting a criminal trial of the plaintiff without any jurisdictional power to conduct criminal proceedings under Louisiana law. 692 F.2d at 397–98. Plaintiffs in the instant action have made similar claims and set out sufficient factual allegations for the court to find that summary judgment as to Kinnard is inappropriate.[1]

■■■ Summary judgment is proper, however, as to the claims against defendant Lon Strong. Strong was sued in his individual and official capacity as the Executive Director of the Mississippi Wildlife Conservation Department. Plaintiffs allege that Strong was grossly negligent or willfully indifferent to their constitutional rights in failing to properly train his agents Heath and Higginbotham and in failing to take remedial action to prevent wrongs of the type suffered by plaintiffs. No factual allegations were made concerning Strong's personal involvement in any decision made about plaintiffs, or concerning his knowledge that such unconstitutional conduct had repeatedly occurred in departments under his supervision. No constitutional tort in any arguable form has been alleged against Strong by plaintiffs. He cannot be held personally responsible for the independent actions of his subordinates under a theory of *respondeat superior* or vicarious liability pursuant to § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978); *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Since plaintiffs have offered no proof of Strong's personal involvement in the incidents giving rise to plaintiffs' instant action, summary judgment is appropriate as to Strong. *Watson v. Interstate Fire and Casualty,* 611 F.2d 120, 122 (5th Cir.1980).

For the reasons stated above, this court concludes that defendants' motion for summary judgment should be denied as to defendants Verle Heath, Charles Higginbotham and Johnny Kinnard; however, the court is of the opinion that the motion for summary judgment should be granted as to defendant Lon Strong. A separate judgment shall be entered pursuant to the local rules.

---

1. In *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir.1985), the Fifth Circuit reiterated the four-factor test for determining whether an act is judicial in nature and thus entitled to absolute immunity: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." (quoting *McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir.1972). While the court in *Adams* counseled that the four-factor test should be broadly construed in favor of immunity and should not be distinguished based on narrow factual considerations, 764 F.2d at 297 n. 1, this court cannot conclude as a matter of law that all of the alleged actions taken by Kinnard meet the *McAlester* test; indeed, some of the alleged actions fall squarely outside the *McAlester* test.