City of Hattiesburg v. New Orleans & N. E. R. Co.*

(Division A.   Jan. 18, 1926.)

[106 So. 749.   No. 25252.]

1. Taxation. *Order of state tax commission, assessing railroad for municipal taxation at higher value than assessed for county and state taxation, held void.*

An order of the state tax commission, assessing the property of a railroad company for municipal taxation at a higher value than

141 Miss.—32.

it assessed the same property of such company for state and county taxation, is void.

2. TAXATION. *Railroad paying under protest taxes on void assessment may recover them regardless of failure to appeal from order of state tax commission making assessment.*

Where a railroad company has paid taxes to a municipality under protest on a void assessment of its property by the state tax commission, it may recover from the municipality the taxes so paid, although no appeal was taken by the railroad company from the order of the tax commission by which the assessment was made.

3. MUNICIPAL CORPORATIONS. *General protest against payment of taxes to municipality on void assessment is sufficient as basis of recovery of such taxes.*

A specific protest against the payment of taxes to a municipality on a void assessment of property is not necessary in order for a taxpayer to recover from the municipality the tax paid it by him on such assessment. A general protest is sufficient.

---

*Corpus Juris-Cyc. References; Municipal Corporations, 28 Cyc., p. 1708, n. 22; Taxation, 37 Cyc., pp. 749, n. 86; 760, n. 50; 1176, n. 42; 1177, n. 47; 1184, n. 79; 1185, n. 85, New.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by the New Orleans & Northeastern Railroad Company against the city of Hattiesburg to recover taxes paid under protest. Judgment for plaintiff, and defendant appeals. Affirmed.

*D. E.* and *C. W. Sullivan,* for appellant.

We submit that the state tax commission had the right to make this raise of forty per cent on railroads and other public service corporations for municipal taxation in the interest of uniformity and equality in taxation in the particular district composed of the municipality of the city of Hattiesburg. The raise of forty per cent made by the state tax commission is not in violation of section 112 of the Constitution of Mississippi, regarding uniformity and equality in taxation, but the demand of

the railroad company in this case is in violation of this provision.

It does not violate the Fourteenth Amendment of the Constitution of the United States and this point has been expressly decided in *Fort Smith Lumber Co.* v. *Arkansas et al.,* 64 L. E. (U. S.) 398.

The taxpayers in the corporate limits of the city of Hattiesburg who are assessed for municipal taxes are bound by this forty per cent raise on their values and have no recourse or remedy. The raise as to them, by the municipal authorities, is perfectly legal and just; they must, therefore, pay on the valuation put upon their property forty per cent more than the valuation put upon the same property as assessed for county or state purposes. Fairness requires that the railroad company should have to pay likewise.

The railroad company had the right to be heard before the state tax commission from November 17, 1922, until December 19, 1922, but the record does not show that it ever asked for a hearing on this question. Under the law, after the railroad company had the right to a hearing by the courts of the state on this question, the matter could have been carried by *certiorari* from the decision of the state tax commission to the state court and there decided and settled. Did the railroad seek relief under this remedy? It did not. We submit that the railroad is now estopped from making any complaint in the court about the forty per cent raise by the state tax commission and that it has no right to maintain this suit in the circuit court of Forrest county to recover the taxes produced by this forty per cent raise. *S. & S. I. R. R.* v. *Revenue Agent,* 85 Miss. 772, 38 So. 348; *Railroad Co.* v. *Adams, Revenue Agent,* 77 Miss. 764; *Railroad Co.* v. *Adams,* 85 Miss. 795; *Telegraph Co.* v. *Kennedy,* 110 Miss. 79; *Bank & Trust Co.* v. *City of Jackson,* 122 Miss. 557, 84 So. 228.

We call the court's attention to the fact that the protest written on the tax receipt in this case was a general protest and did not specify or set forth any grounds or

reasons why the taxes should not be paid. If a law or an act under which taxes are collected is wholly void and unconstitutional, protest may be general; but, otherwise, it is the duty of the taxpayer to point out his specific objections to the payment of the taxes, and if he does not do this, he has no right to maintain his suit to recover the amount. See *Pearl River County* v. *Lacey Lumber Co.*, 124 Miss. 108.

*Stevens & Heidelberg*, for appellee.

I. It is the contention of the railroad company that this order attempting to increase the value for municipal taxation purposes forty per cent more than the value as fixed by the railroad commission is null and void.

Counsel for appellant contend in view of the fact that the property of other taxpayers, those whose property is not valued by the railroad commission but by the local authorities, is valued by the city authorities at a higher rate than that at which it was valued by the county authorities, that if the railroad commission did not likewise place a higher value for city taxes than was fixed by it for county taxes, the effect would be unjust as against the individual taxpayers. If it were shown that the state railroad commission in assessing the property of public service corporations adopted the same percentage of the actual or true value of said property when assessing it for state and county purposes as did the board of supervisors of Forrest county in assessing individual's property for taxation, then there might be some justice, moral justice though not legal justice, in counsel's contention; but there is absolutely nothing in the record to show that the railroad commission adopted any such basis of the valuation as this. On the contrary, the presumption is that the railroad commission did its duty and in assessing the property of this taxpayer for taxation, it assessed this property in the manner required by law.

Section 1, chapter 138, Laws of 1918, creates the members of the state tax commissioin as state assessors of railroads and other public service corporations, and makes it the duty of said commission to assess the property of these corporations at its *true value.* The duty on the part of the assessing authorities of a municipality is exactly the same as the duty on the part of the railroad commission or the duty of the board of supervisors, and that is to assess property at its true value. The presumption, therefore, is that the railroad commission, in performing the duty imposed upon it in assessing the property of this appellee, did its duty and assessed its property for state and county purposes at what the railroad commission deemed to be its true value. Whether that value was the same as might have been placed thereon by the board of supervisors, no man can tell. Whether the original value as fixed for state and county purposes was the same value as would have been fixed by the municipal authorities for municipal taxation, no man can tell. After all, values are but estimates. Men's judgments vary in their estimates of values. The presumption, of course, is that the railroad commission, the board of supervisors, and the municipal taxing authorities in each instance honestly did their best to perform their duties, and fixed values according to their judgment of what the true values were.

The presumption being that the state tax commission performed its duty and, in assessing this property for state and county taxes, assessed it at what it conceived to be the true value of the property, it therefore necessarily follows that when it passed an order attempting to increase this value forty per cent for municipal purposes, it attempted to assess the property for municipal purposes at forty per cent more than what it honestly conceived to be the true value of the property.

Section 112 of the Constitution itself provides that the legislature may provide for a special mode of valuation and assessment of railroads and other corporate property, or for particular species of property belong-

ing to persons, corporations or associations not situated wholly within one county, and the language above referred to is followed with this significant language: "But all such property shall be assessed at its true value." This quotation is another reason why the presumption is that the railroad commission, in adopting the value of the property of this appellee for state and county purposes, fixed that value at its true value. See *Railroad Co.* v. *Adams,* 77 Miss. 764; *Railroad Co.* v. *Vicksburg,* 95 Miss. 701.

II.   Appellant contends that the appellee is bound by the order of the state tax commission under consideration because it did not appeal therefrom. Counsel confuse those cases holding that mere irregularities or honest mistake of facts adjudicated by the railroad commission are conclusive and binding unless appealed from, with those cases holding that a void finding or a void assessment can always be ignored and can always be collaterally attacked. The order is absolutely void. The tax commission had no authority to make any such order. *Railroad Co.* v. *Adams, Revenue Agent,* 85 Miss. 772, really sustains our contention in this case. The very statement by appellant of the finding of the court in the case of *Telegraph Co.* v. *Kennedy,* 110 Miss. 79, shows that this decision was based upon the very proposition herein stated by us.

It is a fundamental proposition of law that a judgment rendered by a court or a commission without jurisdiction or in excess of the power conferred upon it, is utterly null and void and can always be ignored anywhere or collaterally attacked. *Tuttle, Jr.,* v. *Everett,* 51 Miss. 27; *Winona* v. *Bank,* 69 Miss. 663; *Firm Lumber Co* v. *City of Hattiesburg,* 98 So. 145.

III.   The next contention of counsel is that the tax in question was paid under a general protest and that no specific protest was filed, and for this reason, it amounts in law to a voluntary payment, and being paid voluntarily, cannot be collected back.

We say the protest was specific and we think the record as hereinbefore referred to by us shows this fact conclusively.   However, no specific protest was necessary.   *Pearl River County* v. *Lacey Lumber Co.*, 124 Miss. 85; *Winona* v. *Bank,* 69 Miss. 663; *Tuttle, Jr.,* v. *Everett,* 51 Miss. 27; *Hawkins et al.* v. *Board of Supervisors of Carroll County,* 50 Miss. 735.

The whole scheme of assessment as set forth in chapter 138, Laws of 1918, discloses that there can be but one value, and in order to determine what tax any particular taxing district is entitled to, all that will be necessary is to turn to the roll, see the value fixed by the commission, see what proportion of the entire is shown by the roll so prepared by the commission to be located in the particular taxing district, and multiply this proportionate value by the levy applicable to that district.

We, therefore, submit that the order of the commission was utterly void and is in direct conflict with the scheme and purpose of chapter 138, Laws of 1918.

SMITH, C. J., delivered the opinion of the court.

The appellee sued and recovered a judgment against the appellant for taxes paid the appellant by it on its property situated in the city of Hattiesburg in excess of what the city had the legal right to collect.   In November, 1922, the state tax commission, pursuant, to chapter 138, Laws of 1918, assessed the appellee's property for taxation, and noted on the assessment roll the value of the appellee's property that is situated in the city of Hattiesburg.   When this assessment was made the state tax commission also adopted the following order:

"It appearing to the satisfaction of the state tax commission that the assessment for the year 1922 by the board of mayor and aldermen of the city of Hattiesburg, Forrest county, state of Mississippi, on property within said city, for municipal taxes, is forty per cent. higher than the assessment for said year within said city by the board of supervisors of said county, it is, therefore,

hereby ordered that the assessment for the year 1922 of property within the city of Hattiesburg, said county, belonging to the foregoing named railroads, is hereby imposed and fixed at forty per cent greater for municipal taxation than for state and county taxation. In fixing the assessments for said city the county assessment on the property within the city is to be multiplied by one and forty hundreds in each case.''

No appeal from this order, assuming that such would lie, was taken by the appellee. When the appellee paid its taxes to the city of Hattiesburg for the year 1922, it protested against the payment on the forty per cent which the state tax commission had added to its assessment for state and county purposes, which protest was noted on the receipt issued to the appellee therefor.

Property owned by railroad companies is assessed for *ad valorem* taxation by the state, counties, municipalities, and other taxing districts by the state tax commission, which assessment must set forth the true value of such property (section 1, chapter 138, Laws 1918; State Constitution, section 112), and the commission is without power to assess such property at one value for one taxing district and at another value for another taxing district, for one of such valuations would, of course, not be true, and consequently would violate both the statute and Constitution. The order of the state tax commission increasing the assessment for municipal purposes of the appellee's property that is situated within the limits of the city of Hattiesburg is therefore void, and, being void, it was not necessary for the appellee to appeal therefrom in order to be relieved from the effect thereof.

Assuming for the sake of the argument that the appellee's protest against paying this tax was general and not specific, as the appellant contends, the order of the state tax commission, being void, a general protest is sufficient. *Pearl River County* v. *Lacey Lumber Co.*, 124 Miss. 85, 86 So. 755.

*Affirmed.*