MISSISSIPPI CENT. R. Co. *v.* CITY OF HATTIESBURG.

(Division B.  May 23, 1932.)

[141 So. 897.  No. 30052.]

**Hannah & Simrall,** of Hattiesburg, for appellant.

314

R. W. Heidelberg, of Hattiesburg, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

In the year 1922, the tax commission assessed the property of the appellant in the city of Hattiesburg at a higher valuation than the same property was assessed by the tax commission for state and county taxes. The railroad company paid the taxes for the years 1922 and 1923 at the assessed rate for the city without protest. On the same assessment roll, the N. O. & N. E. R. R. Co. was assessed in like manner at a like high rate, and paid the taxes under protest; sued for them, and was allowed to recover them in the case of Hattiesburg v. N. O. & N. E. R. R. Co., 141 Miss. 497, 106 So. 749, both assessments being made upon the same roll, as stated.

At the time of the payment of the taxes, a protest was necessary to enable the party to recover the taxes. Pearl River County v. Lacey Lumber Co., 124 Miss. 85, 86 So. 755; Union Land & Timber Co. v. Pearl River County, 141 Miss. 131, 106 So. 277; Schmittler v. Sunflower County, 156 Miss. 227, 125 So. 534, 126 So. 39.

This being true, the tax voluntarily paid became the absolute property of the city, the city's title becoming complete by the voluntary payment.

The Legislature in 1926 passed a law (Laws 1926, c. 196) authorizing the refund of taxes erroneously paid, whether paid under protest or not, and the appellant contends that it was entitled to a refund because repayment was applied for and demanded after the passage of this act.

In our opinion, this act has no application here, but contemplated a prospective, and not a retrospective, operation of the statute. Statutes will be given a prospective operation unless a contrary intention is shown. Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977.

A statute should not be given an effect which imposes an additional burden on past trasactions, unless that plainly appears to be the intention of the Legislature. Power v. Calvert Mortgage Co., 112 Miss. 319, 73 So. 51; State v. Miller, 144 Miss. 614, 109 So. 900.

The statute created a right and not a mere remedy. We think, therefore, that the ruling of the court below was correct, and the judgment will be affirmed.

Affirmed.