# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-SA-02418-SCT

*FREDDIE L. DAVIS AND JEANETTE DAVIS*

*v.*

*ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI AND EXECUTIVE DIRECTOR OF THE DEPARTMENT OF FINANCE AND ADMINISTRATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/02/2004 |
| TRIAL JUDGE: | HON. STUART ROBINSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | A.N. CASTILLA |
| | JOHN FLOYD FLETCHER |
| | CORY RANDLE LANCASTER |
| ATTORNEYS FOR APPELLEES: | ASHLEY MAY |
| | ROMAINE LEVEAN RICHARDS |
| | GARY WOOD STRINGER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/11/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     On June 1, 1999, the Mississippi State Tax Commission ("Tax Commission") assessed Freddie L. Davis and Jeanette Davis ("Appellants") with additional income tax, penalties and interest for the tax years 1990 through 1995. On April 4, 2000, in accord with Appellants' request under Miss. Code Ann. Section 27-7-71(1), the Board of Review considered and entered an Order substantially upholding the initial assessment. On July 12, 2000, pursuant

to Appellants' request under Section 27-7-71(2), the Tax Commission considered and substantially upheld the initial assessment by Order of August 2, 2000. On March 30, 2001, Appellants received the Order and had thirty (30) days to pay the assessment or file a petition and bond in the chancery court. On May 11, 2001, Appellants fully paid the assessment to the Tax Commission with an accompanying letter stating they were not appealing its final Order. Over two years later, on August 22, 2003, Appellants filed a refund claim with the Department of Finance and Administration ("DFA") under Section 27-73-1. On November 13, 2003, an Opinion of the Attorney General denied the refund request. On December 3, 2003, the DFA denied the refund request based on the Opinion of the Attorney General. On February 19, 2004, Appellants filed a Complaint for Appeal and Review and/or Refund of Erroneously Paid Taxes in the Chancery Court of the First Judicial District of Hinds County, Mississippi. The chancery court thereafter granted summary judgment in favor of the Attorney General of the State of Mississippi and the Executive Director of the Department of Finance and Administration ("Appellees"), who had filed a Motion to Dismiss the Complaint for Appeal and Review and/or Refund of Erroneously Paid Taxes filed by Appellants. The disposition was in the form of an Order Granting Motion For Summary Judgment on October 21, 2004. Thereafter, Appellants filed notice of appeal seeking reversal of the chancery court's judgment.

**FACTS**

¶2. On June 1, 1999, the Tax Commission assessed Appellants with additional income tax, penalties and interest totaling $160,722.00 for the tax years 1990 through 1995.[1] On April 4, 2000, pursuant to the Appellants request under Miss. Code Ann. Section 27-7-71(1), the Board of Review held a hearing and issued an Order substantially upholding the initial assessment.[2] From that Order, and pursuant to the Appellants request under Section 27-7-71(2), the Tax Commission held a hearing on July 12, 2000. On August 2, 2000, the Tax Commission issued an Order substantially upholding the initial assessment.[3] Additionally, the Tax Commission ordered the assessment be paid, or a petition and bond be filed in the chancery court, within thirty (30) days of receipt of the Order by the Appellants. On March 30, 2001, the Appellants received the Order of the Tax Commission, without explanation by either party for the delay. Appellants failed to secure the appeal bond required by Miss. Code Ann. Section 27-7-73.[4] On May 11, 2001, the Appellants submitted full payment for the assessment. Along with their payment, Appellants presented a letter to the Tax Commission stating that they were not appealing its final Order.

---

[1]The additional income tax, penalties and interest chiefly related to Mr. Davis's employment at Cook Funeral Home in Jackson, Mississippi.

[2]The Board of Review found additional income tax, penalties and interest in the amount of $166,396.00.

[3]The Tax Commission found additional income tax, penalties and interest in the amount of $173,751.00.

[4]Appellants assert financial inability as the reason for failure. However, Appellees contend that the only argument raised by Appellants prior to this appeal was a time constraint.

¶3.    Over two years later, on August 22, 2003, the Appellants filed a refund claim with the DFA pursuant to the procedures outlined in Miss. Code Ann. Section 27-73-1. That refund claim was rejected by the DFA on August 22, 2003, but their recommendation was not passed on to the Attorney General for review, as required by Section 27-73-1. On September 13, 2003, the Appellants requested compliance with Section 27-73-1 by the DFA. Soon thereafter, the DFA recommendation was forwarded to the Attorney General. On November 13, 2003, an Opinion of the Attorney General was issued recommending denial of the refund request. The Attorney General found that a claim for refund under Section 27-73-1 was barred once the administrative appeals processes of Section 27-7-71 and Section 27-7-73 were utilized by a taxpayer.[5] Under Section 27-7-73, the Appellants had thirty (30) days from receipt of the Tax Commission Order to appeal to the chancery court. Because the Appellants did not perfect such an appeal, the Attorney General determined that "let[ting] the Davis' now bring a refund action after completing the hearing process of § 27-7-71 would deprive § 27-7-73 of any operative force." Therefore, the Attorney General found that res judicata applied to the administrative determination.[6] On December 3, 2003, the DFA again denied Appellants refund request based on the Opinion of the Attorney General.

---

[5]"§ 27-73-1 may have been an *alternative and supplemental method* of contesting the assessments *when they were initially made* under § 27-7-49, *but* once the Davis' elected to challenge the assessment under the administrative process set out in § 27-7-71 and § 27-7-73, the Davis' are *bound by* the final results of the administrative process." (Emphasis added).

[6]Citing *Hood v. Dept. of Wildlife Conservation*, 571 So. 2d 263 (Miss. 1990); *City of Jackson v. Holliday*, 246 Miss. 412, 149 So. 2d 525 (Miss. 1963).

¶4.    On February 19, 2004, and within six months of the Attorney General's determination,[7] the Appellants filed a Complaint for Appeal and Review and/or Refund of Erroneously Paid Taxes in the Chancery Court of the First Judicial District of Hinds County, Mississippi.  On March 22, 2004, the Appellees filed a Motion to Dismiss arguing that "[t]here is no statutory authority for this action by Plaintiffs where the taxpayers did not file an appeal under § 27-7-73 but paid the income tax as affirmed by the Commission then sued the Defendants ... for a money judgment in the amount of the income tax paid."  In other words, a paid income tax assessment where the taxpayer does not appeal the Commission's determination that the taxes are due does not fit within Section 27-73-1.  Because the Appellant's Complaint was not filed within thirty (30) days with the required bond, Appellees asserted the Complaint was barred as untimely.[8]  Assuming arguendo that Appellants could bring their action under Section 27-73-1, Appellees contend that such an action would be untimely and barred under the applicable statute of limitations in Miss. Code Ann. Section 27-73-5.[9]  On April 27, 2004, Appellants filed their response to the Motion to Dismiss asserting that the plain language of Section 27-73-1 establishes that the section

---

[7]As required by Section 27-73-1(1).

[8]"The Commission's findings being final, are res judicata to any questions raised by Plaintiffs as to the income tax assessment issued against Plaintiffs ....  Plaintiffs are also barred under the doctrine of collateral estoppel from raising the issues raised in this action, being the same issues raised before the Commission and in regard to which the Commission made findings which were not timely appealed and became final."

[9]Section 27-73-5 provides a three (3) year statute of limitations and, according to Appellees, "it is clear that the returns in issue were filed more than three (3) years before the filing of this action, and if not the returns, the assessments were issued more than three (3) years before the present action."

5

applies to payment "through error or otherwise ... [of] any tax in excess of the sum properly due ... [if] such erroneous payment or overpayment has been paid into the proper treasury,"[10] and is an *additional and supplemental method*[11] for refunding overpaid, or erroneously paid, taxes. Moreover, as the Commission's tax assessment was not rendered until June 1, 1999, Appellants argued it would be patently unfair to impose Section 27-73-5 because that statute of limitations would have expired prior to the assessment itself.[12]

¶5.　　On October 19, 2004, the chancellor issued an Order Granting Motion For Summary Judgment. The chancellor determined that the Appellants were not entitled to judicial review because they had failed to seek review within thirty (30) days of the Tax Commission's Order, as required by Section 27-7-73. That failure to appeal rendered the Tax Commission's Order final and unreviewable under the doctrines of res judicata and collateral estoppel.[13] Because the taxes were affirmed by the final Order of the Tax Commission, the chancellor

---

[10]Section 27-73-1(1). *See also* **State ex rel. Rice v. Mississippi Institute of Aeronautics**, 198 Miss. 288, 22 So. 2d 372 (1945) (regarding a refund of income taxes pursuant to § 27-73-1); **Barnett v. United States Casualty Co.**, 197 Miss. 873, 21 So. 2d 5 (1945).

[11]Section 27-73-1(2).

[12]"If applying § 27-73-5 in this regard, Plaintiffs would have been required to file a claim of refund under § 27-73-1 before the Commission assessed them for the 1990-1995 taxable years." Moreover, Appellants argued that under Section 27-73-1, a Plaintiff may file in chancery court his petition for appeal and review within six (6) months of a disapproved request for refund from the Attorney General. As the Attorney General disapproved their refund request on November 13, 2003, and the Appellants filed their Complaint on February 19, 2004, they were well within that six month requirement.

[13]Citing **Smith v. University of Mississippi**, 797 So. 2d 956, 963 (Miss. 2001); **Zimmerman v. Three Rivers Planning and Development Dist.**, 747 So. 2d 853, 861 (Miss. Ct. App. 1999).

found he was "without authority to review the findings of [the Tax Commission] or to find the assessment to be erroneous." Therefore, the chancellor concluded there were no genuine issues of material fact, and his final judgment was filed on November 3, 2004. From that judgment, Appellants filed their notice of appeal.

## STANDARD OF REVIEW

¶6.     This Court reviews summary judgments de novo. *See* ***Hardy v. Brock***, 826 So. 2d 71, 74 (Miss. 2002). The facts are to be viewed in the light most favorable to the non-moving party. *Id*. "If [the appellate court's] examination indicates that there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Id*. (quoting ***Robinson v. Singing River Hosp. Sys.***, 732 So. 2d 204, 207 (Miss. 1999)). The existence of any genuine issue of material fact, however, precludes summary judgment. *Id*. In reaching that conclusion, the non-moving party may not simply rest upon allegations or denials in the pleadings but must set forth specific facts establishing the existence of genuine issues. *Id*.

## ANALYSIS

¶7.     On appeal, the Appellants raise four issues:

(1)Whether Appellants failed to exhaust all administrative remedies required by Miss. Code Ann. Section 27-7-71, which governs administrative appeals for taxpayers.
(2)Whether the chancellor erred in concluding that the refund procedures set forth in Miss. Code Ann. Section 27-73-1 were not a viable alternative to the more commonly utilized judicial appeal procedures contained in Miss. Code Ann. Section 27-7-73.
(3)Whether Miss. Code Ann. Section 27-7-73 is unconstitutional and whether the chancellor erred in relying exclusively on it as the legal basis for a ruling

7

that Appellants were barred from seeking a refund of overpaid taxes pursuant to Miss. Code Ann. Section 27-73-1.

(4)Because the circumstances surrounding a letter written by Appellants remains unresolved and the Court failed to consider the financial condition of Appellants, whether genuine issues of material fact exist which should have precluded the chancellor's grant of summary judgment.

This Court will analyze each issue in turn and, if any genuine issue of material fact exists, will reverse and remand the final judgment of the chancellor.

**I.     Whether Appellants failed to exhaust all administrative remedies required by Miss. Code Ann. Section 27-7-71.**

¶8.     Our holding in *Davis v. Barr*, 250 Miss. 54, 157 So. 2d 505, 508 (1963), requires individuals to "exhaust their administrative remedies before resorting to court." With respect to tax issues,

> failure on the part of one seeking an abatement of his tax assessment to invoke an available administrative remedy, or, if invoked, to pursue the possible administrative appeals to exhaustion, prevents entirely, or in some way limits, his obtaining any relief from the courts with respect to the amount or the legality of the challenged assessment.

*Id*. (quoting 51 Am. Jur., Section 769, p. 698). In *Davis*, the Appellants not only failed to appeal to the State Tax Commission, but also neglected to post the required bond with their petition in chancery court. *Id*. at 509 (the applicable statute was Section 9220-31, Code 1942, the predecessor to Section 27-7-73). This Court held that "the Tax Commission had exclusive jurisdiction of the income tax assessment due by appellants, and before appellants could invoke the aid of an equity court, it was necessary for them to have first proceeded by the method and through the channel provided by law before the Tax Commission." *Id*. at 510.

¶9.     Appellants contend the chancellor erred in finding they had failed to fully exhaust all administrative remedies. Appellants assert that they passed through all the administrative steps required under Section 27-7-71.[14] First, they initiated an appeal to the Tax Commission Review Board within thirty (30) days of the contested action, as required by Section 27-7-71(1). Unsatisfied with the Order of the Review Board, they initiated an appeal to the full Tax Commission within thirty (30) days of the Review Board Order, as required by Section 27-7-71(2). They assert that following the full Tax Commission Order, all further appeals (i.e. the utilization of Section 27-7-73) are judicial in nature. As such, they argue that they exhausted all administrative remedies through their appeals initiated under Section 27-7-71.

¶10.    The plain language of Section 27-7-71 states:

> [a]ny tax deficiency, including any penalty and interest, determined by the state tax commission shall be paid within thirty days from the date of notification of the taxpayer, and if said sum is not paid within said thirty-day period, the state tax commission shall proceed to collect same under the provisions of Sections 27-7-55 to 27-7-67; *provided within said thirty-day period the taxpayer may appeal from the decision of the state tax commission as hereinafter set out* [in Section 27-7-73].

Miss. Code Ann. § 27-7-71 (emphasis added). Upon exhausting the remedies provided under Section 27-7-71, an appeal to the chancery court must be perfected within thirty (30) days

---

[14]Note that both Section 27-7-71 and Section 27-7-73 were repealed by Laws 2005, Ch. 499, Section 36. That repeal, however, became effective on July 1, 2005 and was not to be applied retroactively. *See* Laws 2005, Ch. 499, Section 37; ***Miss. Cent. R. Co. v. City of Hattiesburg***, 163 Miss. 311, 141 So. 897 (1932) ("Statutes will be given a prospective operation unless a contrary intention is shown."). This negates the argument of Appellants that the repeal, along with Senate Bill 2742, 2005 Regular Session, Section 4(1) (which effectively consolidates the alternative procedures of Sections 27-7-71, -73 and Section 27-73-1 into one), bears any significance in the present action.

9

of receipt of the Tax Commission findings, as outlined in Section 27-7-73.[15] When the Appellants accepted the Tax Commission determination and paid the tax, the Tax Commission findings became final under Section 27-7-73. Appellants had the option, within thirty (30) days of receiving notification of the Tax Commission determination, of paying the tax or appealing under Section 27-7-73. Under Section 27-7-73, the Tax Commission findings are "final" unless the taxpayer files a petition in chancery court "requesting a hearing of the case on its merits" accompanied by a bond "in a sum double the amount in controversy." Miss. Code Ann. § 27-7-73. Assuming arguendo that Appellants had exhausted all administrative remedies available under Section 27-7-71, the chancellor's determination that the remedy provided by Section 27-7-73 was not utilized[16] remains unaltered. Because Appellants affirmatively accepted the Tax Commission ruling and paid the tax instead of appealing to the chancery court, this Court finds the Tax Commission ruling became the final adjudication.

---

[15]Section 27-7-73 provides:

The findings of the state tax commission *shall be final unless* the taxpayer shall, *within thirty days from the date of the receipt of notice of such findings*, file a petition in the chancery court of the county in which the taxpayer is a resident or in which the taxpayer is domiciled. ... The petition shall be accompanied with a bond, to be approved by the clerk of said court, in a sum double the amount in controversy, conditioned to pay the judgment of the court. ... The chancery court shall have jurisdiction to hear and determine said cause or issue joined as in other cases.

Miss. Code Ann. § 27-7-73 (emphasis added).

[16]In accord with the provisions of Section 27-7-71.

**II.** **Whether the chancellor erred in concluding the refund procedures in Miss. Code Ann. Section 27-73-1 were not a viable alternative to the appeal procedures contained in Miss. Code Ann. Section 27-7-73.**

¶11. Appellants contend the chancellor erroneously concluded that Section 27-73-1 was not a viable alternative to Section 27-7-73. Section 27-7-73 permits a taxpayer to seek judicial review of the Tax Commission's Order without first paying the contested taxes, if the taxpayer appeals within thirty (30) days of receiving the Tax Commission Order and provides an appeal bond equal to two times the amount in controversy. Conversely, Section 27-73-1 is available when the taxpayer first pays the contested taxes, avoiding potential penalties and interest if incorrect in his assertions, and then seeks administrative review for a refund of taxes paid through error or otherwise if (and only if) such payment was in error or an overpayment. Appellants argue that if Section 27-7-73 is the only available statutory means for obtaining judicial review of the decisions of the Tax Commission, then it unconstitutionally bars these and similarly situated taxpayers from having access to the courts solely by virtue of the fact that their financial condition did not enable them to obtain and post the appeal bond required by Section 27-7-73.

¶12. Appellants rely on *State ex rel. Rice*, 22 So. 2d at 373, and *Barnett*, 21 So. 2d at 6, to support the proposition that Section 27-73-1[17] applies to the refund of income taxes.[18] This

_____

[17]In both cases, the predecessor statute to Section 27-73-1 was being invoked.

[18]*See Barnett,* 21 So. 2d at 7 ("Save as to the particular taxes specially excepted, a taxpayer may now pay to a tax collector, state or county, *any tax* demanded, thereby not delaying its payment, and when, upon subsequent development or ascertainment, it is found that as a matter of ultimate liability the tax, or the full amount, so collected is not rightfully retained, and he is unable to obtain relief through the ordinary administrative channels, he may resort to the positive provisions of [the predecessor to Section 27-73-1]. If this was not

statute creates a right and not merely a remedy. *See **Miss. Cent. R. Co.***, 141 So. at 897.

Appellants assert that they had the option of either avoiding paying the contested tax by posting an appeal bond within thirty (30) days of the Tax Commission's determination under Section 27-7-73 or paying the contested tax and seeking a refund under Section 27-73-1.[19] As such, Appellants assert that because Section 27-7-73 was not the only statutory method available, the Tax Commission's Order would only become final and unreviewable upon the expiration of the three-year statute of limitations applicable to Section 27-73-1.[20]

¶13.    Appellees counter that the Appellants knowingly paid the income tax assessment after the Tax Commission Order affirmed the assessment. Moreover, Section 27-7-73 provides that the Tax Commission findings are final unless the taxpayer, within thirty (30) days of receipt of the Order, files a petition and bond in chancery court requesting a hearing on the merits.    Because Appellants waited nearly thirty-four (34) months before filing their

---

the purpose of the enactment, it had as well not been passed at all.") (Emphasis added). However, the Opinion of the Attorney General distinguished these cases "because the claim for refund arose from the overpayment of income taxes, paid with a filed return, not from the payment of additional taxes due to audit and assessment."

[19]Section 27-73-1(2) states, "[t]his section shall not be construed as repealing or modifying Section 27-73-7, or *any other law* providing for the application for or the certification of a claim for refund, but shall be taken and construed as an *additional and supplemental method* of refunding taxes *erroneously* paid." Miss. Code Ann. § 27-73-1(2) (emphasis added).

[20]Section 27-73-5 provides that statute of limitations stating, "[a]ll suits by any taxpayer for the recovery of any ... income ... tax, and all applications or proceedings for any refund or credit of such taxes shall be *filed or made within three years next* after the return was filed, *or* from the date of the assessment of the tax was made, *or* from the date the tax was paid ... *whichever is the earlier*, and no recovery of taxes under any such suit shall be had and no refund of taxes shall be made unless such suit or application was filed within said period of limitation." Miss. Code Ann. § 27-73-5 (emphasis added).

Complaint, Appellees contend their suit is barred under the doctrines of res judicata and collateral estoppel.

¶14. "The doctrine of res judicata reflects the refusal of the law to tolerate a multiplicity of litigation." *Little v. V&G Welding Supply, Inc.*, 704 So. 2d 1336, 1337 (Miss. 1997). *See also Holliday*, 149 So. 2d at 527 ("The common law doctrine of res judicata, including ... collateral estoppel, is designed to prevent relitigation by the same parties of the same claims or issues."). These judicial estoppel doctrines "ba[r] all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action." *Little*, 704 So. 2d at 1337-38. *See also Holliday*, 149 So. 2d at 528 ("A judgment bars a subsequent application for the same purpose where the facts upon which it is based are not changed and the conditions are substantially similar.").

¶15. "Under Mississippi law, res judicata or collateral estoppel precludes relitigation of administrative decisions." *Smith*, 797 So. 2d at 963 (involving a terminated state employee who failed to appeal the dismissal decision of the Personnel Action Review Board to the circuit court by writ of certiorari as mandated by Miss. Code Ann. Sections 11-51-93 and -95). *See also Zimmerman*, 747 So. 2d at 861 (involving the failure of Appellant to file an appeal of the Permit Board's decision within twenty days after it was entered into the books as mandated by Miss. Code Ann. Section 49-17-29). According to *Zimmerman*, "[o]nce an agency decision is made and the decision remains unappealed beyond the time to appeal, it is barred by administrative res judicata or collateral estoppel." 747 So. 2d at 861 (citing *Hood*, 571 So. 2d at 268). *See also Miss. Empl. Sec. Comm'n v. Philadelphia Mun.*

13

*Separate Sch. Dist. of Neshoba County*, 437 So. 2d 388, 396 (Miss. 1983) (the doctrine of collateral estoppel applies to administrative proceedings). In *Hood*, this Court found that "[a]bsent statute to the contrary, a chancery court is precluded by either doctrine [res judicata or collateral estoppel] once an administrative agency, acting in a fact-finding capacity, enters its ruling." 571 So. 2d at 269, fn. 5. This Court specifically determined in *Hood* that "[i]f an aggrieved state employee were allowed to bring his Section 1983 claim in chancery court after exhausting his administrative remedies and judicial review thereof, we would be sanctioning a duplication of process." *Id*. at 268. *But see East Mississippi State Hosp. v. Callens*, 892 So. 2d 800, 822 (Miss. 2004) (overruling *Hood* to the extent it denies a discharged state employee the right to assert appropriated Section 1983 claims against state officials in their personal or individual capacities). This Court has found that the *Hood* holding "dictates that the doctrine of res judicata precludes not only further litigation of claims that were actually raised in a prior proceeding, but also any claim that could have been raised in the earlier suit." *Smith*, 797 So. 2d at 963 (citing *Hood*, 571 So. 2d at 267-69).

¶16.    Section 27-73-1 was an "additional and supplemental method of refunding taxes erroneously paid" to "any other law providing for the application for or the certification of a claim for refund." Miss. Code Ann. Section 27-73-1. In other words, both Sections 27-7-71, -73 and Section 27-73-1 were available to Appellants when the action was initially commenced. However, when Appellants chose to seek relief under Sections 27-7-71 and -73, they also became bound by the provisions of those statutes and the resulting outcome. Section 27-7-73 expressly states that the Tax Commission determination "shall be *final*"

14

unless a petition was filed in the chancery court seeking a "hearing of the case on its merits" and accompanied by "a bond ... in a sum double the amount in controversy." Miss. Code Ann. Section 27-7-73. The Tax Commission fully considered the issue and entered a determination against Appellants under Section 27-7-73. When Appellants chose not to appeal the Tax Commission's determination and paid the tax, finality attached under Section 27-7-73. As the doctrines of res judicata and collateral estoppel apply to administrative decisions, the finality of Section 27-7-73 judicially forecloses the Appellants from now utilizing Section 27-73-1. *See* ***Smith***, 797 So. 2d at 963; ***Zimmerman***, 747 So. 2d at 861; ***Hood***, 571 So. 2d at 268. To hold otherwise would effectively strip Sections 27-7-71, and -73 of the force they were legislatively created to possess and make a mockery of the time-honored principles of res judicata and collateral estoppel.[21]

¶17. Even if an appeal under Section 27-73-1 was not barred by the doctrines of res judicata and collateral estoppel, Appellees argue that the statute of limitations in Section 27-73-5 would bar the action. Section 27-73-5, the applicable statute of limitations for actions brought under Section 27-73-1, requires the suit to be filed within three years of the date the return is filed, the date the tax assessment is made, or the date the tax was paid, whichever is earliest.[22] The returns were filed between 1990 and 1995; the tax assessment was made on June 1, 1999; and the tax was paid on May 11, 2001. Because the suit was not filed until

---

[21]Of additional significance, Appellants fully paid the tax assessment, presented a letter to the Tax Commission stating that they were not appealing its final Order, and then waited over two years before first advancing their theory regarding Section 27-73-1's applicability.

[22]*See* footnote 20.

15

February 19, 2004, more than three years had passed from every applicable date except the date the tax was paid. Appellants respond that this argument is unsupportable because its analysis hinges upon the assumption that the Appellants right to claim a refund could have expired prior to the assessment or payment of the taxes. Simply stated, Appellants argue that if Section 27-73-5 is applied in this fashion, the statute of limitations could bar a party from asserting a right before it ever arose, violating the due process clause of both the Mississippi Constitution and the United States Constitution. *See **Bell v. Union & Planters' Bank & Trust Co.**,* 158 Miss. 486, 130 So. 486, 487 (1930) ("A statute of limitations, which attempts to bar a debt without giving reasonable time within which the right may be preserved, is violative of the contract clause (article 1, § 10, cl. 1), as well as the due process clause, of the Federal Constitution (Amendment 14) and of the like provisions in our state Constitution."). Assuming arguendo, that beginning the statute of limitations from the date returns were filed would be constitutionally infirm, we are not required to address this, as the facts in this case establish that approximately four years and nine months passed between the date of assessment (June 1, 1999) and the date the suit was filed (February 19, 2004). Clearly, the statute of limitations would have expired, assuming a Section 27-73-1 action were permissible, under this set of facts.

> **III.  Whether Miss. Code Ann. Section 27-7-73 is unconstitutional and whether the chancellor erred in relying exclusively on it as the legal basis for a ruling that Appellants were barred from seeking a refund of overpaid taxes pursuant to Miss. Code Ann. Section 27-73-1.**

¶18. Only if this Court determined that an action based on Section 27-7-73 was sustainable would we be required to consider whether the statute could withstand constitutional scrutiny.

16

However, because this Court has determined that both Sections 27-7-71 and -73 and Section 27-73-1 were available to Appellants when the action was initially commenced, any argument regarding the unconstitutionality of Section 27-7-73 is misplaced.[23] Appellants became bound by the provisions of Sections 27-7-71 and -73 when they elected to seek relief thereunder. They had the option of paying the contested taxes and proceeding under Section 27-73-1. Appellants elected to use the administrative appeals procedures of Section 27-7-71 and, upon being denied relief thereunder, elected not to appeal the final Order of the Tax Commission. Thereafter, they paid the tax assessment. The Tax Commission's determination under Section 27-7-73, not being appealed, became final. To hold otherwise "would deprive § 27-7-73 of any operative force."

**IV. Because the circumstances surrounding a letter written by Appellants remains unresolved and the Court failed to consider the financial condition of Appellants, whether genuine issues of material fact exist which should have precluded the chancellor's grant of summary judgment.**

¶19. Appellants contend the chancellor failed to consider whether their financial condition in 2001 precluded them from proceeding under Section 27-7-73. Appellants argue that in spite of the plain language of their May 11, 2001 letter ("The captioned taxpayers are not appealing the final Order of the Mississippi State Tax Commission ....") and their full payment of the tax assessment, which created finality in the Tax Commission's Order under Section 27-7-73, the chancellor should have intuited their surrounding circumstances (i.e. inability to obtain the appeal bond within thirty (30) days). This argument lacks merit. As

---

[23]Note also that Section 27-7-73 has since been repealed. *See* footnote 14.

17

Appellants failed to appeal or otherwise seek relief from the Tax Commission's Order within thirty (30) days of receiving notice, that Order became final and is non-appealable. Any attempt to circumvent that finality is barred under the doctrines of res judicata and collateral estoppel. *See Smith*, 797 So. 2d at 963; *Zimmerman*, 747 So. 2d at 861; *Hood*, 571 So. 2d at 268. Therefore, no genuine issues of material fact exist, and Appellees are "entitled to judgment as a matter of law." *Hardy*, 826 So. 2d at 74 (quoting *Robinson*, 732 So. 2d at 207).

## CONCLUSION

¶20. For the aforementioned reasons, this Court affirms the chancellor's decision to grant summary judgment for Appellees.

¶21. **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY AND CARLSON, JJ., CONCUR. COBB, P.J., AND DICKINSON, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**

**GRAVES, JUSTICE, DISSENTING:**

¶22. The Majority affirmed the chancellor's decision to grant summary judgment to the Attorney General of the State of Mississippi and the Executive Director of the Department of Finance and Administration. However, I am compelled to dissent. The opinion of the Majority specifically applies its statutory interpretation of Miss. Code Ann. Section 27-7-71 and Miss. Code Ann. Section 27-7-73 to the facts of this case. The Majority affirmed the chancellor's ruling that the Davis' were not entitled to judicial review because they failed to

18

seek review of the administrative decision within thirty (30) days of the Tax Commission's Order, as required by Section 27-7-73. Based upon this interpretation, the Majority opines that the failure to appeal rendered the Tax Commission's Order final and unreviewable under the doctrines of res judicata and collateral estoppel.

¶23. The Majority is simply in error when it applies its interpretation of Section 27-7-71 and Section 27-7-73 to a refund claim submitted by the Davis' under Section 27-73-1, which establishes that a refund can be sought under that section for any tax where the taxpayer has paid an amount beyond what is due. Under Section 27-73-1, a taxpayer has the right to pursue a refund claim for overpaid taxes. Furthermore, a taxpayer is entitled to the benefits of Section 27-73-1, and relief cannot be denied under Section 27-73-1 on the basis that a taxpayer's claim is barred under Section 27-7-73. There must exist some impediment against the claim as listed in Section 27-73-1. In this case, the State's argument was that the Davis' claim was barred once the administrative appeals processes of Section 27-7-71 and Section 27-7-73 were utilized. The State further argued that because the claim was barred under Section 27-7-73, this bar of relief extended to preclude the Davis' from seeking a refund under Section 27-73-1. This analysis is clearly erroneous. The statutory sections relied upon by the State are separate and distinct from the particular code section used by the Davis' to seek a refund. Miss. Code Ann. Section 27-73-1 specifically deals with tax refunds, while Sections 27-7-71 and 27-7-73 discuss the remedies available to a taxpayer after an assessment is made. These statutes are separate, distinct, and independent. There is no question that Section 27-73-1 applies to the overpayment of income taxes because in *State*

19

*ex. rel. Rice, Atty. Gen. v. Mississippi Institute of Aeronautics*, 198 Miss. 288, 22 So.2d 372 ( Miss. 1945), this Court confirmed that Section 27-73-1 did in fact apply to the overpayment of income tax:

> But it is contended by the appellant that Chapter 127, Laws 1944, granting the taxpayer the right to bring such a suit does not cover this particular character of claim, since it only provides that 'if any person, firm or corporation as paid, or shall hereafter pay to the *** state tax commission *** through error or otherwise, whether paid under protest or not, any *** eccise [sic] tax for which such person, firm or corporation was not liable, or if any such taxpayer has paid any tax in excess of the sum properly due and such erroneous payment or over-payment has been paid into the proper treasury, the taxpayer shall be entitled to a refund of the taxes so erroneously paid.' The precise contention of the appellant is that the facts rendering the payment of the taxes an overpayment or an erroneous payment must have existed at the time the income tax return was made on March 12, 1943. But we are unable to agree with this contention. We think that the subsequent renegotiation of the contract as to price relates back so as to render the income tax on the $94,000 an overpayment, since the State Tax Commission received the tax subject to the right of the Federal Government to require the refund by the taxpayer of such portion of the total compensation paid under the contract, thereby rendering it non-taxable income of the taxpayer.

*Id.* at 374.

¶24.   In *Barnett v. United States Casualty Co.,* 21 So.2d 5 (Miss. 1945), this Court explained that Section 27-73-1 constitutes an additional and supplemental method for pursuing a tax refund when the taxpayer is unable to obtain relief through ordinary administrative channels. In *Barnett*, this Court stated:

> Save as to the particular taxes specially excepted, a taxpayer may now pay to a tax collector, state or county, any tax demanded, thereby not delaying its payment, and when, upon

20

subsequent development or ascertainment, it is found that as a matter of ultimate liability the tax, or full amount, so collected is not rightfully retained, **and he is unable to obtain relief through the ordinary administrative channels**, he may resort to the positive provisions of the modern enactment last cited. If this was not the purpose of the enactment, it had as well not been passed at all.

*Id.* at 880 (emphasis added). The facts of this case indicate that financial constraints played a major role in the Davis' failure to secure the appeal bond as required by Miss. Code Ann Section 27-7-73. This situation placed the Davis' in the category of taxpayers who were unable to obtain relief through ordinary administrative channels. Therefore, Section 27-73-1 constituted the additional and supplemental method by which they could pursue a refund.

¶25.   The legislative intent of Section 27-7-71 and Section 27-7-73 was to outline the procedures involved in the administrative appeals process concerning income tax and withholding, not to preclude taxpayers from exercising their right of relief under Section 27-73-1. If this was the case, the legislature would have used restrictive language in the statutes to signify that a bar under Section 27-7-71 would equal a bar to relief under Section 27-73-1. Currently, there is no statutory language in Section 27-7-71 or Section 27-7-73 which would extend a statutory bar to relief to Section 27-73-1 if a claim is not appealed within thirty days under Section 27-7-71. Furthermore, in *Bailey v. Al-Mefty*, 807 So.2d 1203 (Miss. 2001), this Court stated the primary rule of statutory construction:

> The primary rule of construction is to ascertain the intent of the legislature from the statute as whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but where it is ambiguous the court, in determining the legislative intent, may look not only to the

language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished.

*Id.* at 1206.

¶26.   When interpreting the intent of the Legislature when it enacted Section 27-73-1, this Court in *Mississippi Cent. R. Co. v. City of Hattiesburg*,163 Miss. 311, 141 So. 897 (1932) stated that "the statute created a right and not a mere remedy." *Id.* at 897. This right is separate, distinct, and independent of anything prescribed in Section 27-7-71 or Section 27-7-73, and nothing relied upon by the Majority extinguishes the right created by Section 27-73-1. This statute creates an unqualified right to seek a refund and what has occurred prematurely aborts the process whereby a refund can be sought. Absent any authority which extinguishes this statutory right, the Davis' are entitled to pursue their claim under Section 27-73-1. The right of a taxpayer to the entitlement of a refund for the overpayment of taxes can be found in the language of Section 27-73-1(1):

> If any person, firm or corporation has paid, or shall hereafter pay to the Auditor of Public Accounts or the Commissioner of Insurance, through error or otherwise, whether paid under protest or not, any ad valorem, privilege or excise tax for which the person, firm or corporation was not liable, or if any such taxpayer has paid any tax in excess of the sum properly due and such erroneous payment or overpayment has been paid into the proper treasury, the taxpayer **shall be entitled to a refund of the taxes so erroneously paid**. Taxes erroneously paid within the meaning of this section shall include double payment, or overpayment, or payment on state, United States, vacant and exempt land, and the purchase price paid for the redemption of lands erroneously sold for taxes.

(Emphasis added).

22

¶27. The word "shall" is used to express what is mandatory. Absent language within Section 27-73-1 which would prohibit the entitlement of a refund if a taxpayer's claim is barred under Section 27-7-71, the statute mandates that a taxpayer be allowed to exercise his alternative and supplemental right of review under Section 27-73-1.

¶28. The Majority also states in the opinion that "both Section 27-7-71 and Section 27-73-1 were available to the Appellants when the action was initially commenced. However, when the Appellants chose to seek relief under Sections 27-7-71,-73, they also became bound by the provisions of those statutes and the resulting outcome." The Majority must note that no statutory language exists which can be interpreted to conclude that the Legislature intended that taxpayers only have one option as between Section 27-7-71 and Section 27-73-1. The Legislature created a right to seek a refund. Furthermore, the "finality" language relied upon by the Majority only applies to Section 27-7-71 and cannot be imposed on Section 27-73-1 to preclude relief on the doctrines of res judicata and collateral estoppel. While the Davis' claims may have reached a stage of "finality" as applied to their initial petition under Section 27-7-73, this did not preclude them from exercising their right of potential relief for a refund under Section 27-73-1.

¶29. In light of the majority opinion, those who knowingly and voluntarily choose to overpay their taxes with an eye toward seeking a refund upon filing a return should now be reluctant to do so based on this decision. Accordingly, because the Davis' are entitled to the right of review of their claim under Section 27-73-1, I respectfully dissent.